W. H. BETHEA, *Plaintiff in Error,* v. D. B. HOUCK, *Defendant in Error.*

Opinion Filed October 30, 1920.

Where the allegations of a declaration state the essentials of a cause of action and the exhibits to the declaration in effect sustain the allegations, a demurrer to the declaration should be overruled.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment reversed.

*Wm. T. Hendry,* for Plaintiff in Error;

*W. B. Davis,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:
"The plaintiff, W. H. Bethea, by his undersigned attorney, sues the defendant, D. B. Houck, in an action of covenant damages $500.00 for that heretofore, to-wit: On the 19th day of June, 1918, plaintiff purchased from defendant all of the cattle owned by defendant, together with defendant's farm and other properties, the exact number of the cattle at the time of the purchase being uncertain, but which defendant guaranteed to be not less than thirty-five head; and for all of said properties plaintiff agreed to pay to the defendant the sum of $5,450.00; that the defendant, joined by his wife, then and there made, executed and delivered to plaintiff a certain bond for title and contract of sale, by which defendant covenanted to convey and transfer and deliver all of the said properties as therein described upon the payment of said sum of $5,450.00, evidenced by plaintiff's promissory note payable December 1st, 1918, a copy of said bond for title being hereto attached and made a part hereof as much so as if set out in full herein, marked 'Exhibit A.'

"Plaintiff alleges that thereafter he paid said note and the defendant then and there became obligated to transfer and deliver all of said cattle, which said cattle were then and there forty in number.

"Plaintiff alleges that defendant has failed to transfer and deliver twelve of said cattle, which said twelve head of cattle were then and there of the value of $30.00 per head and of the total value of $360.00; that plaintiff

paid the said promissory note, so given for the purchase price of said cattle on the 2nd day of December, 1918, and the defendant became obligated to deliver all of said forty head of cattle to the plaintiff; that by reason of defendant's breach of his said bond for title and contract of sale by failure to deliver said twelve head of cattle, plaintiff has been deprived of the use, benefit and value thereof. Wherefore plaintiff sues and claims Five Hundred Dollars damages."

"Exhibit A" is as follows:

"STATE OF FLORIDA,

"TAYLOR COUNTY.

"KNOW ALL MEN BY THESE PRESENTS. That D. B. Houck and Minnie Houck, of the County of Taylor, State of Florida, held and firmly bound unto W. H. Bethea or his heirs, of the County of Taylor, State of Florida, in the sum of ($5,450.00) Five Thousand Four Hundred Fifty Dollars, for the payment whereof well and truly to be made to bind D. B. Houck, heirs, executors and administrators of D. B. Houck firmly by these presents.

"Signed and sealed this 19th day of June, A. D. 1918.

"THE CONDITION of the above obligation is such that whereas the said D. B. Houck and Minnie Houck has this day bargained and sold to the said W. H. Bethea the following described property, lying and being in the County of Taylor and State of Florida: S½ of SE¼ of Sec. (16) and NW¼ of NE¼ Sect. (21) and S½ & S½ of NE¼ Sec. (15), all in Township (5) & Range (8) East, containing 480. A sugar mill & kettle and all the goats of 23 head now belonging to the place and on the

range, and corn to the amount of 200 bbls. and 35 head of cattle branded with D on the range maybe more cattle and 7 or 8 head of sheep. Cows marked swallow fork & under bit & crop under cross nick in the other. If there is not 35 head of cattle the said D. B. Houck agrees to deduct $30.00 per head off for all shortage in cattle to W. H. Bethea.

"And in consideration thereof, the said W. H. Bethea executed a certain promissory note of even date herewith, payable Dec. 1st, 1918.

"NOW, IF THE SAID, W. H. Bethea shall well and truly pay the said promissory note as stated therein, into the possession of which, from the date hereof, it is hereby agreed that he shall enter and continue, then the said D. B. Houck and Minnie Houck shall execute a deed in fee simple to the said property described for the aforesaid property, when this obligation is to be void, else to remain in full force and virtue.

"D. B. HOUCK.     (Seal)

her

"MINNIE X HOUCK. (Seal)

mark

"Signed, sealed and delivered in presence of:
"Robert O. Sellers.
"A. E. Jackson."

A demurrer to the declaration was sustained and final judgment for defendant was rendered on the demurrer. Writ of error was taken by the plaintiff.

The "bond for title" covers "35 head of cattle branded with D on the range, maybe more cattle,". and covenants that "if there is not 35 head of cattle the said D. B. Houck agrees to deduct $30.00 per head off for all

shortage in cattle to W. H. Bethea." The declaration alleges the payment of the entire consideration and that the cattle referred to in the covenant "were then and there forty in number" and the " defendant has failed to transfer and deliver twelve of said cattle."

If as alleged the cattle sold were "forty in number" and the "defendant has failed to transfer and deliver twelve of said cattle," a cause of action is stated, since the allegations are consistent witht the provisions of the bond.

The failure of the plaintiff to deduct from his payment the value of the cattle sold but not delivered, does not deprive the plaintiff of his right of action.

Of course the proofs must conform to the allegations that are sustained by the terms of the bond.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.