J. D. HOLMAN, *Plaintiff in Error,* v. H. J. KLUTHO, *Defendant in Error.*

Opinion Filed May 4, 1926.

*Carter & Carter,* for Plaintiff in Error;

*Fred H. Davis,* for Defendant in Error.

ADAMS, Circuit Judge.—This proceeding is the result of a suit brought by H. J. Klutho against J. D. Holman in the Circuit Court of Leon County, Florida, for the recovery of a named sum of money alleged by Klutho to be due him from Holman for services performed as an architect in and about the preparation of plans, specifications and blue prints for the remodeling of a building owned by Holman

and known as the "Daffin Theater Building" in Talla-hassee, Florida.

The record discloses that there was an extensive correspondence carried on between Klutho and Holman relative to the work in question, and that Klutho advised Holman in detail what would have to be done to the building in the way of remodeling, and also about what the estimated cost thereof would be, and what his fee would be for his services as an architect in connection therewith. It also discloses that after being so advised that Holman requested Klutho to forward the plans, specifications and blue prints; as it was desired to begin the proposed work as promptly as possible.

The plans, specifications and blue prints were duly forwarded to Holman by Klutho, together with his bill for twelve hundred dollars for services performed. It is apparent that the receipt of this bill for architect's fee had the immediate effect of reducing to the vanishing point the enthusiasm of Mr. Holman to have his building remodeled, and cause him to decide to drop the whole matter, which he did, and to return the plans, specifications and blue prints to Klutho, and to decline payment of the bill rendered.

Suit was then brought by Klutho, which was contested by Holman. There was the usual preliminary skirmishing relative to sufficiency of the pleadings, which maneuverings obtain in almost every cause, but which are generally only conducive to delay and the clogging of the courts with a mass of pending litigation entangled in a maze of technicalities, ofttimes rendering it problematical whether or not the real merits will ever have a chance to speak out. This cause finally came to issue. There was a trial, and verdict and judgment for the plaintiff. The cause comes here by appropriate proceedings and three assignments of error are presented as a basis on which plaintiff in error asks for a reversal of the judgment.

· The first assignment is, ''The court erred in overruling defendant's demurrer to the first count of the amended declaration.'' We see no error in this ruling. The trial judge had required this count to be amended, and in the amendment thereof counsel for plaintiff went into extensive detail, and in addition made the lengthy letter of April 11th, 1922, which appears in the record, a part of the count and attached the same as ''Exhibit A.'' The incorporation of a paper writing by appropriate and apt words as a part of a pleading is permissible under our rule of procedure. Woodbury v. Tampa Water Works Co., 57 Fla. 243, 49 South. Rep. 556; State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986; National Surety Co. v. Williams, 74 Fla. 446, 77 South. Rep. 212.

The second assignment is, ''The court erred in denying defendant's motion to require compulsory amendment of the first count of plaintiff's declaration.'' The established rule supported by a long line of decisions is, that the granting or denial of a motion for compulsory amendment rests within the sound discretion of the court to which it is presented, and unless there is a plain abuse of that discretion, the ruling will not be disturbed. Such reason for reversal not herein appearing the assignment fails. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Gainesville & G. R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13.

The third assignment is, ''That the court erred in overruling defendant's motion for a new trial upon the several grounds therein set forth.'' As we see it this assignment must also fail, for according to our understanding, the testimony of the plaintiff amply sustains the verdict, while the testimony of the defendant is rather slight, the defendant himself not even testifying in his own behalf. The

learned trial judge heard all the proceedings, saw all the witnesses, and to our minds gave a clear, fair, correct and concise charge as to the law of the case. Motions for a new trial are addressed to the sound discretion of the trial court, and there not appearing in this ruling any abuse of that discretion, we think the ruling was correct. Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1.

Affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.