J. LEE JOHNSON and C. W. ROGERS, *Plaintiffs in Error,* vs. CITY OF SEBRING, *Defendant in Error.*

140 So. 672.

En Banc.

Opinion filed March 29, 1932.

Petition for rehearing denied May 11, 1932.

*A. M. Baker* and *Paul Ritter*, for Plaintiff in Error;
*M. R. McDonald*, for Defendant in Error.

ANDREWS, Commissioner.—This case is here upon writ of
error to the Circuit Court, Highlands County, from an

order denying a motion to set aside a default upon which final judgment was entered.

A demurrer to the original declaration was sustained by the trial court and the plaintiff allowed until the 15th day of October, 1930, to file an amended declaration, and defendants allowed fifteen days after service of copy of amended declaration "to plead as they may be advised."

The amended declaration was filed on October 8, 1930, and a copy thereof served upon attorneys for defendants on the same day. This caused the defendants' further pleading to be due not later than October 23, 1930. A motion for compulsory amendment of the amended declaration was filed by defendants on October 28, 1930. No further steps were taken until November 26, 1930, when plaintiff, without notice, filed motion for, and obtained, a default judgment.

On December 12, 1930, defendants gave notice of and on January 3, 1931, filed, a motion to set aside the default judgment and to have their motion for compulsory amendment considered, also to permit defendants to file their pleas to the amended declaration which were exhibited to the court at the time of the hearing. After the hearing, the Court denied the motion and later entered a final judgment upon the affidavit of proof of claim, to which writ of error was taken.

The main question presented for consideration upon this appeal is:

Whether or not it was error for the court to enter a default judgment against the defendants while there was on file and undisposed of a motion for compulsory amendment of the declaration, if said motion was not filed by the defendants within the date fixed by the court's order requiring them to further "plead as he may be advised."

Plaintiff in error contends that even though the motion

for compulsory amendment was not filed on or before the date fixed by the order that, nevertheless, as it was on file at the time default was entered, that it was error to disregard it as it constitutes a "pleading" within contemplation of the statutes and rules as would preclude it being disregarded, unless it was frivolous and without merit.

It is observed that the application filed by plaintiff for a default is based upon the ground that defendants failed and neglected to either "demur" or file any "pleas" to the declaration within the time allowed and "before the application for this order" for default was made.

In its brief defendant in error (plaintiff below) contends, in substance, that the filing of the motion for compulsory amendment is not such a pleading as will prevent a judgment by default being entered where no *plea* or *demurrer* is also filed within the time required, and where there is no order of the court staying further proceedings pending the disposition of said motion.

In this connection, we first direct attention to Sec. 2631 R. G. S. 1920 (Sec. 4297 C. G. L. 1927).

Under the above statute this court has held that in case any amended pleading has been pleaded to *before* amendment and not pleaded to de novo within the time allowed by the court *after* amendment, that such party has the right to have the original pleading stand and be considered as pleaded to the amended pleading provided such original pleading is responsive to the pleading as amended. Jordan v. Ryan Co., 35 Fla. 259, 17 So. 73; Sammis v. Wightman, 31 Fla. 10, 12 So. 526. In the case of Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 So. 62, it was held that the words "to plead" as used in the above statute include demurrers to declarations. Crandall's Fla. Com. Law Proc. 82-83. The last cited au-

thority, which cites the case of Bacon v. Green, 36 Fla. 325, 18 So. 870, states that if the opposite party does not wish to let his original reply stand to the amended pleading he must plead de novo to the amended pleading and by so doing he ''waives or abandons'' all former pleading applicable to the amended pleadings.

So, in the instant case, if the demurrer filed by the defendants to the original declaration is responsive to the declaration as amended, then the court should not have entered a default without notice.

The transcript of the record does not show by exhibit, or otherwise, a copy of the ''cause of action'', nor the nature of the assignment by the bank to the city as security for the latter's deposits in the bank *before* the bank became insolvent, nor the nature and kind of the alleged ''assignment'' of all right, title and interest in this particular note or the collateral securing it *after* the bank became insolvent. The declaration as amended shows that this may constitute a very material issue in this particular case.

The amended declaration makes the note sued upon a part of the declaration but none is shown in the Transcript.

Section 4313 (2) C. G. L. 1927, requires a copy of the note sued upon to be filed with the declaration, though the mere failure to do so is not cause for demurrer unless made a part of the declaration.

Where a declaration states the essentials of a cause of action which is required to be sustained by exhibits, it may not be demurrable (Bethea v. Hauck, 80 Fla. 630, 86 So. 502), but where a cause of action is ''expressly made a part of the declaration by apt words'' it may be reached by demurrer. Hooper v. Crane, 56 Fla. 395, 47 So. 992.

Under Section 4296, C. G. L. 1927, a defendant may

apply to the court for an order for compulsory amendment of a declaration if the declaration is so framed as to prejudice or embarrass or delay a fair trial of the action. In the case of Cobb, et al. vs. Trammell, Governor, 73 Fla. 574, 74 So. 697, this court held that a motion for compulsory amendment filed by a defendant to a declaration which is pending and undisposed of should not be ignored by the plaintiff and a default taken, "unless the motion is frivolous and wholly without merit". In the latter case of Johnson v. Johnson, 91 Fla. 275, 107 So. 342, it was held that "where a motion to strike the declaration, or for compulsory amendment thereof not frivolous on its face, has been filed, and is pending undisposed of, and not waived, a judgment by default cannot be taken."

It is observed that the motion for compulsory amendment in the instant case was not filed on or before the time fixed by the order of the court, but it had been on file for several days when the default judgment was entered. Section 4282, C. G. L. 1927, provides that a defendant may plead, answer or demur "at any time before default for not so doing."

This seems to be the general rule, even in the absence of statutory authority. Sec. 15 R. C. L. 665; 34 C. J. 170 and 171; 6 Ency. Pl. & Pr. 85; 1915 C. Ann. Cas. 738-739.

It may well be conceded that a motion for compulsory amendment is of more importance than an ordinary procedural motion; in fact, it appears to have been devised to serve the purposes of a special demurrer, as indicated by section 16 of Chap. 1096, Acts of 1861 (now forming both sections 4293 and 4296 C. G. L. 1927), which provides that,

"No pleading shall be deemed insufficient for any defect which could heretofore only be objected to by special demurrer. If any pleading be so framed

as to prejudice or embarrass or delay the fair trial of any action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same, and also respecting the costs, as it shall see fit.'' See Crandall's Fla. Com. Law. Prac. 75, Sec. 62.

The Court has held that a motion to compel amendment or to strike is a ''pleading'' within the meaning of the statute. Cobb et al. vs. Trammell, supra, and cases there cited. Crandall's Fla. Com. Law Practice, 60, Sec. 51.

Therefore, the trial court was without proper authority in entering the default unless the motion for compulsory amendment was frivolous and wholly without merit.

The opinion in the case of Cobb et al. v. Trammell, Governor, supra, in regard to the above statute (sec. 4296 C. G. L. 1927) providing for motions for compulsory amendments and that courts shall make orders respecting the same, points out that ''no time is fixed by that section of the statute within which to make such application, but it would seem that the logical time for doing so would be before replying to the pleading which is deemed to be faulty''. It may well be conceded that if the motion for compulsory amendment was not frivolous, or without merit, the defendants were entitled to the right of having it considered and passed upon before filing a ''plea or demurrer.''

The sufficiency of pleadings may be tested either by demurrer or by motion for compulsory amendment (Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922); and the rule in this state is that the granting or denial of a motion for compulsory amendment of a pleading is a matter resting within the sound discretion of the trial court. Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517; Holman v. Klutho, 91 Fla. 853, 109 So. 314.

The question arises as to whether the motion for com-

pulsory amendment was frivolous or without any merit.

The order of the trial court shows that the defendant's motion for compulsory amendment was considered along with the motion to set aside default at the time of the hearing on the latter motion. If the motion for compulsory amendment shows that it was not frivolous, but had some appreciable merit, it might be unnecessary to further consider the motion to open default or to state anything further here than to say that the trial court committed error in entering the default without notice while the motion showing merit was on file and undisposed of. It is noted that the default was entered on November 26, 1930, and the motion to set it aside was filed December 12, 1930, which is well within the sixty days limit fixed by statute for filing such motions.

Even if the grounds of the motion for compulsory amendment of the declaration be held to contain no merit, if the proffered pleas show a meritorious defense to the amended declaration, it is clear that the ends of justice would be best subserved by giving defendants their day in court in a subsequent proceeding on the amended declaration and the proffered pleas. There is nothing in the order of the Court nor in the record anywhere to show that the tendered pleas were considered at all.

We are of the view that those grounds of the motion for compulsory amendment requesting the court to require plaintiff to state in its declaration whether the assignment of the note as security for the city's deposits was made orally or in writing, and if in writing attach same, and as to whether the collateral security for the note sued upon was also assigned, also the ground requesting the declaration to be amended so as to show whether the alleged agreement between the Receiver and plaintiff relinquishing all right, title, claim and interest in the notes and mortgages, *after* the bank failed, was made orally,

and if so set out the terms, and if in writing attach copy—clearly indicate that the motion was not frivolous and without merit; in fact, in view of the matters set up by the tendered pleas alleging that the note here sued upon was secured to the bank by two notes of $4583.33 each, which were in turn secured by a second mortgage on the same property on which the bank held a first mortgage, and that the bank had previously caused the defendants to forego foreclosure of their mortgage which had become past due, by agreeing to allow the bank to foreclose its first mortgage upon the promise that at the sale the bank would bid enough to cover and pay off the defendants' second mortgage—which the pleas allege was not done; together with the allegation that the same attorney represented both the city and the bank in these transactions—shows such a condition as would preclude the pleas being classed as frivolous and without merit.

The serious illness and subsequent death of the attorney who had personally looked after the defendants' interest in this suit, about and during the time the amended declaration was filed, should not be overlooked under the circumstances of this case in passing upon the question as to whether the default should have been opened.

We reach the conclusion that the trial court committed error in entering default without notice while the motion for compulsory amendment was on file, and undisposed of, and also committed error in not opening up the default.

This cause is reversed for further proceeding not inconsistent with this decision.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and ad-

judged by the Court that the judgment of the court below should be and the same is hereby reversed and the cause remanded for further appropriate proceedings.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.

ELLIS, J. (Dissenting).—The declaration was held bad on demurrer. The order allowed the plaintiff fourteen days, or until October 15, 1930, to file an amended declaration and allowed defendants fifteen days after service of a copy of the amended dcelaration ''to plead as they may be advised thereto''. The amended declaration was filed on October 8th and a copy of it delivered the same day to defendants' counsel of record.  ·

On October 28th, not within the fifteen days allowed defendants to plead, they filed a motion for compulsory amendment which contained no merit whatsoever either as a pleading of any description or as a motion to secure a clearer statement of the case in the declaration to avoid prejudicing the defendant or to embarrass him or delay the fair trial of the action. Section 4296 C. G. L. 1927.

A month afterward plaintiff moved the court for a default for failure to plead as the order required. The court granted the motion and entered the default.   On January 3rd following defendants sought to have the default opened and moved the Court to that end.   They also sought by motion to be permitted to file pleas to the declaration.   Both motions were denied.   The pleas tendered were very lengthy containing many averments in no wise constituting a defense to the action on the promissory note and was supported by an affidavit that the ''statements made therein are true''.   The court entered judgment for the plaintiff on February 26, 1931.

Nearly six months thereafter defendants took a writ

of error and made it returnable one month and seventeen days thereafter. In this state of case I perceive no error in the court's action nor any abuse of discretion. The motion for compulsory amendment was not a pleading and the pleas tendered constituted no defense to the action on the promissory note. I therefore think the judgment should be affirmed.

### On Petition for Rehearing.
Opinion filed May 11, 1932.

Per Curiam.—A petition for rehearing has been filed in this cause and, upon consideration thereof, we find that in the original opinion the following language is used:

"There is nothing in the Order of the Court nor in the record anywhere to show that the tendered pleas were considered at all."

We find that the Order of Court does recite that the tendered pleas and argument of the respective attorneys were heard and considered. Therefore, the language above quoted should be and the same is hereby stricken from the opinion. With such language stricken from the opinion, the motion for rehearing should be and the same is hereby denied.

Buford, C.J., and Whitfield, Terrell, Brown and Davis, J.J., concur.

Ellis, J., dissents.