SUWANNEE RIVER CYPRESS COMPANY v. HON. GEORGE W. JACKSON, Circuit Judge in and for St. Johns County, and C. L. ARBUTHNOT.

164 So. 835.

Opinion Filed December 27, 1935.

*Waller & Pepper,* for Petitioner;
*M. L. Stephens,* for Respondents.

TERRELL, J.—In response to the petition of Suwannee River Cypress Company, a Florida corporation, this Court on April 5, 1935, granted an alternative writ of mandamus directed to respondents, but commanding the respondent, George W. Jackson, as Circuit Judge, to vacate and set aside a default and final judgment rendered on the first day of April, A. D. 1935, in the Circuit Court of St. Johns County in favor of respondent, C. L. Arbuthnot, as plaintiff in a certain cause therein pending, and against petitioner, Suwannee River Cypress Company, as defendant in said cause, to recall and stay execution issued thereon and restore said cause upon the docket of said Court for the purpose of considering a plea of privilege appearing on the docket when the default was entered.

The cause now comes on to be heard on motion to quash, and these facts are made to appear. That the judgment by default against which relief is sought, was entered because of failure to plead or demur as the rules require, there was a plea of privilege on the docket when the default was entered, but it was stricken without notice because it was not verified as required by law. The defendant failed to file any statement of facts showing a meritorious defense with its motion to vacate and set aside the default, neither did it offer to go to trial at once upon the issue made.

It was not shown that the remedy by writ of error is inadequate, such being made to appear, the motion to quash should be and is hereby granted.

WHITFIELD, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.

DAVIS, J., dissents.

DAVIS, J. (dissenting).—I think the striking of a plea without notice of a motion or intention to do so is unjustified and that where application is made to open up and vacate a default entered without notice or hearing of the affected party that there is no duty on the applicant to tender a meritorious defense. A meritorious defense is only required where an application is made to open a legally entered default, not when the default was entered without notice to the affected party.