Suwannee River Cypress Co., a Florida Corporation, v. C. L. Arbuthnot.

167 So. 412.
Division A.
Opinion Filed March 30, 1936.
Rehearing Denied April 23, 1936.

*Byron Butler, Waller & Pepper, Wm. D. Hopkins* and *B. A. Meginniss,* for Plaintiff in Error;

*M. L. Stephens,* for Defendant in Error.

DAVIS, J.—The judgment in this cause should be and is hereby reversed upon the authority of State, *ex rel.* Anna Dillman, v. George W. Tedder, Circuit Judge, etc., decided March 10, 1936, wherein it was held and determined that a pleading valid on its face and not wholly frivolous, or without merit, should not be summarily disposed of by peremptorily calling it up for an *ex parte* consideration in vacation and thereupon striking or ignoring it by adjudging the pleader in default and forthwith giving judgment for the opposite party as for want of a defense. See also: Rhea v. Hackney, 117 Fla. 62, 157 Sou. Rep. 190.

Orderly procedure in litigated cases requires that notice be given of contemplated hearings in vacation of all motions to strike or to disregard the opposite party's pleadings in a case wherein a supposedly valid pleading has been attempted to be filed in good faith, but is attacked by the opposite party as being subject to a motion to strike or to summarily disregard it.

In term time a more relaxed rule has been indulged, because of the notice of the term that the law itself imputes to the parties litigant who may have business subject to disposition during term time. But even in term time, the requirement of notice of such contemplated drastic action as the striking or ignoring of the whole course of putatively valid pleadings, and the entry of default judgments consequent thereon as for want for any pleading at all, is the better practice. This is especially true where there is no reason to believe that the court has been trifled with in the premises concerning the interposition of the pleadings thus attacked.

Our previous consideration of this same case upon mandamus was determinative of the propriety of the mandamus

only.* The judgment rendered in that phase of this case is not *res adjudicata* of what is now properly presented by writ of error.

Had notice been given before the hearing of the motion to strike, defendant could have applied to amend or perfect his pleading in the particulars complained of, in order to remove all doubts on that score, even though the amendment might be wholly unnecessary as a matter of law and the pleading would have been sustainable absent amendment.

The judgment should be reversed with directions to rehear and reconsider the motion to strike or disregard the plea involved after due notice of the hearing shall have been given to the opposite party as contemplated by law.

Reversed with directions.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—The lower court evidently struck the plea because it was not in his opinion verified as required by law. I think the plea was properly sworn to within the meaning of our statute and rules. See 2 S. J. 357.

---

*See Suwannee River Cypress Co. v. Jackson, 122 Fla. 173, 164 Sou. Rep. 835.