W. L. SULLIVAN, Plaintiff in Error, v. C. L. ARBUTHNOT, Defendant in Error.

200 So. 702
Division A
Opinion Filed February 25, 1941

*Errol S. Willes,* for Plaintiff in Error;

*Louis O. Gravely,* for Defendant in Error.

BUFORD, J.—Arbuthnot was plaintiff in the court below and sued Sullivan in assumpsit and in his declaration alleged:

"For that the said defendant W. L. Sullivan on the 5th day of January A. D. 1939 by his four promissory notes

now overdue promised to pay to the order of the plaintiff Four Hundred dollars ($400.00) December 5th after date with interest from date at the rate of 8 per cent per annum payable at LaBelle, Florida; but did not pay the same nor any part of the principal nor interest thereof; that in and by said promissory notes, the defendant promised and agreed that in case suit should be brought for the collection thereof or if the same were collected by an attorney to pay a reasonable fee for prosecuting such suit or making such collections; that said notes were not paid at maturity and was thereafter placed in the hands of an attorney at law for collection and suit instituted thereon.

"Wherefore, plaintiff claims principal and interest and a reasonable attorney's fees.

"To the damage of said plaintiff in the sum of $2000.00 and therefore he brings suit."

To the declaration he attached three promissory notes dated LaBelle, Florida, January 5, 1939, for $100 each, the first payable September 5 after date, the next payable November 5 after date and the third payable on December 5 after date.

Defendant demurred to the declaration. The demurrer was overruled and the defendant required to plead.

The declaration, except for the bill of particulars, was sufficient to state a cause of action for the recovery of $300 and interest.

The bill of particulars attached to the declaration consisted of copies of three notes as stated above. The copies of the notes were made a part of the declaration, not by words in the declaration but by rule *infra* and, therefore, under our present practice, demurrer to the declaration would reach the bill of particulars. See Hoopes v. Crane, 56 Fla. 395, 47 Sou. 992; Poppell v. Culpepper, 56 Fla. 515, 47 Sou. 351.

Rule 16 of Common Law Rules adopted April 27, 1936, and becoming effective October 1, 1936, provides, *inter alia:* "Declaration.—Attaching Copy of Cause of Action.— (a) All bonds, notes, bills of exchange, contracts and accounts upon which suit may be brought, or a copy thereof, or a copy of the portions thereof material to plaintiff's cause of action, shall be filed with the declaration and shall be taken and considered as a part thereof." So it is that the declaration including the bill of particulars attached thereto showed that the amount of the demand was less than five hundred dollars but still within the jurisdiction of the Circuit Court of Hendry County.

It has been held that demurrer tests the cause of action as stated in the declaration, and not the measure of damages. Harris v. Coconut Grove Development Co., 63 Fla. 175, 59 Sou. 11.

It has also been held that where declaration states a cause of action for at least nominal damages a demurrer that no cause of action is stated is unavailing. Borden, *et al.,* v. Western Union Tel. Co., 32 Fla. 394, 13 Sou. 876; Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 Sou. 991.

However, where copy of cause of action is made a part of declaration it is treated as a part of the declaration and is reachable by demurrer. Johnson v. Sebring, 104 Fla. 584, 140 Sou. 672, 674; Shelton v. Eisemann, 75 Fla. 644, 79 Sou. 75. When this rule is applied, there was no error in overruling demurrer.

It is contended by appellant that the court failed to adjudicate a reasonable attorney's fee. The record shows that a witness for the plaintiff testified that $50.00 plus 15 per cent of the amount of recovery up to $500.00 would be a reasonable attorney's fee. The jury returned a verdict for $400 principal, $56.00 interest and $60.00 attorney's

fees. The court, on motion for new trial, allowed plaintiff to enter remittitur of $100.00 with interest on that amount and, the plaintiff having entered such remittitur, the court entered judgment in favor of the plaintiff and against the defendant for $300.00 principal, $42.10 interest and $60.00 attorney's fees. Nothing appearing to the contrary we think this clearly indicates that the court did adjudicate $60.00 as a reasonable attorney's fee and that amount was less than the amount proven by the witness, *supra*. Had the court allowed the full amount proven, the adjudication for attorney's fees would have been $50.00 plus 15 per cent of $342.10, or $101.31. So the contention is without merit.

No reversible error appearing from consideration of the entire record, the judgment is affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.