### TRIANA v. WEST INDIA FRUIT & STEAMSHIP CO., Inc.

Circuit Court, Dade County, Civil Appeal.

April 12, 1955.

Warwick, Paul & Warwick, West Palm Beach, for appellant,

144

Nestor Morales, Miami, for appellee.

GEORGE E. HOLT, Circuit Judge.

This is an appeal from a final judgment rendered against appellant, West India Fruit & Steamship Co., Inc. subsequent to judgment by default entered without notice. Appellee, plaintiff below, filed an amended complaint to which appellant filed no further response—electing to stand on its original defense as contained in its answer. The record shows that at the time of entry of judgment by default appellant had on file an answer, filed in good faith, tendering an issue as to the material allegations of the complaint as originally filed and amended.

This fact was ignored in the court below as neither the motion for default nor the judgment by default makes mention of the answer or disposes of the same. Appellant made timely application to set aside the default and offered to stand trial on the merits without delay. The lower court denied appellant's application, and in so doing, upon this state of the record, he committed error.

It has long been held that it is error for a court to give judgment by default without notice when a supposedly valid pleading has been filed in good faith, or to summarily disregard such pleading. Hooker v. Gallagher, 6 Fla. 351; Johnson v. City of Sebring (Fla.), 140 So. 672; Suwanee River Cypress Co. v. Arbuthnot (Fla.), 167 So. 412.

The opening of defaults is provided for by statute, section 50.10, Florida Statutes 1953. While the opening of a default is addressed to the sound judicial discretion of the trial court, such discretion has long been liberally exercised in favor of opening such defaults and permitting a trial on the merits. Russ v. Gilbert, 19 Fla. 54; State Bank of Eau Gallie v. Raymond (Fla.), 138 So. 40; Coggin v. Barfield (Fla.), 8 So. 2d 9.

The trial court abused its discretion in not opening the default upon the timely application of the defendant below to permit a trial on the merits as to the issue presented by appellant in its answer. There is no showing that such issue is not material or that it fails to present a good defense to the cause of action alleged.

The judgment is reversed with directions to the lower court to vacate the judgment, and the cause is remanded for further proceedings not inconsistent with this opinion.