PEARSON, Judge.
Mr. and Mrs. Bieley appeal a final judgment entered against them after an adverse verdict.
The appellee corporation had petitioned the circuit court, pursuant to § 86.06, Fla. Stat. (1963),[1] F.S.A., to enforce a laborer’s lien upon real property of the appellants for labor performed on that real property by employees of the corporation. The appellants filed a motion to quash the petition, a traverse, and a counterclaim. The counterclaim alleged improper and fraudulent charges and defective workmanship. The court held a hearing on the motion to quash and ordered:
******
“1. That the Petition of JENNINGS CONSTRUCTION CORPORATION for enforcement of statutory lien under Section 86.06 F.S.A. be and the same is hereby quashed.
“2. That the Counterclaim of the Defendants, ALFRED D. BIELEY and PEGGY BIELEY, his wife, being in excess of $5,000.00, confers jurisdiction of this Court to continue to entertain the *810 cause as a regular at law action under Section 86.05 F.S.A. insofar as JENNINGS CONSTRUCTION CORPORATION’S petition is concerned and the cause may proceed as a common law action upon the Petition of JENNINGS CONSTRUCTION CORPORATION, the Answer of the Defendants BIELEY and the Counterclaim of the Defendants BIELEY and Demand for Jury Trial of the said Defendants, and the cause shall hereafter proceed upon said basis.”
***** *
After a lengthy trial the jury found for the plaintiff-appellee corporation upon its claim for a balance due under the construction contract between the parties and against the defendant-appellants upon their counterclaim. The judgment, based upon the verdict (which did not refer to appel-lee’s claim as a lien), contained an order
“ * * * that Final Judgment be entered against the Defendants, Alfred D. Bieley and Peggy Bieley, his wife, and in favor of the Plaintiff, Jennings Construction Corporation, in the sum of $4,-264.39 * * * plus an attorney’s fee in favor of the Plaintiff in the sum of $2500.00 * * * for which said sum let execution issue.”
The appellants present three points on appeal. The first urges that the court erred in refusing to grant their motions for a directed verdict. Appellants argue that the appellee corporation was precluded from recovery upon its complaint as a matter of law because the lien was rendered unenforceable by the following subsections of § 84.311, Fla.Stat. (1963), F.S. A.:
“(2) (a) Any lien asserted under this chapter in which the lienor has wilfully exaggerated the amount for which such lien is claimed or in which the lienor has wilfully included a claim for work not performed upon or materials not furnished for the property upon which he seeks to impress such lien or in which the lienor has compiled his claim with such wilful and gross negligence as to amount to a wilful exaggeration, shall be deemed a fraudulent lien.
“(b) It shall be a complete defense to any action to enforce a lien under this chapter, or against any lien in any action in which the validity of the lien is an issue, that the lien is a fraudulent lien and the court so finding is empowered to and shall declare the lien unenforceable and the lienor shall thereupon forfeit his right to any lien on the property upon which he sought to impress such fraudulent lien.”
The appellants urge that because the ap-pellee corporation abandoned certain portions of its claim at trial and conceded that the appellants were entitled to certain credits which the corporation had not given them at the time it petitioned for the lien, the amount claimed by the corporation was fraudulent and the lien unenforceable. Without reciting the evidence or deciding its legal effect, we hold that the appellants were not entitled to a directed verdict because § 84.311 is not applicable to this case. The judgment appealed from does not enforce a lien. The court properly determined that the cause should proceed as an action at law after appellants filed a counterclaim placing in issue (1) the amount due upon the construction contract and (2) appellees’ liability under the contract. We therefore hold that no error has been demonstrated under appellants’ first point.
Appellants’ second point urges that the court erred in its award of an attorney’s fee to the corporation. This point is well taken. It is a well established rule that an attorney’s fee may not be awarded in an action unless a statute or contract provides for such an award. Certain cases of equitable cognizance (and the instant case is not one) are an exception to the general rule. Schwartz v. Sherman, Fla. App.1968, 210 So.2d 469 (opinion filed April 30, 1968). See also Kittel v. Kittel, Fla.1968, 210 So.2d 1 (opinion filed May 8, *811 1968). The corporation’s contention that the attorney’s fee was allowable under § 84.311, Fla.Stat., F.S.A., is untenable because no lien was established or enforced.
Appellants’ third point urges error upon the trial court’s denial of appellants’ motion for a new trial. A review of the record and the arguments advanced in appellants’ brief as grounds for a new trial does not demonstrate an abuse of discretion by the trial court. Holman v. Klutho, 91 Fla. 853, 109 So. 314 (1926); Pix Shoes of Miami, Inc. v. Howarth, Fla.App.1967, 201 So.2d 80.
That portion of the final judgment awarding an attorney’s fee is reversed. The remainder of the judgment is affirmed.
Affirmed in part and reversed in part.

. This action was commenced in 1964.