LOUEN N. GREEN, *Plaintiff in Error,* v. ADAM B. ROU, *Defendant in Error.*

PROCEDURE AT LAW—DISMISSING CAUSE FOR FAILURE TO PROSECUTE—
STATUTE OF LIMITATIONS MUST BE PLEADED.

1. Where a defendant's pleas are filed in May, 1907, and the plaintiff on the 1st of June, 1907, files a motion to require the defendant to make said pleas more specific, and on the same date files a demurrer to said pleas, it is error for the court on the 23rd of the next ensuing January at a hearing upon such motion and demurrer to dismiss said cause for want of prosection.

2. The bar of the statute of limitations must be interposed by the diligence of the debtor, and as early as possible. It will not be raised by the court unsolicited; and if not taken advantage of by plea, it will be considered to have been waived by the defendant.

This case was decided by Division B.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*L. N. Green in pro per;*

*R. A. Burford,* for defendant in error.

TAYLOR, J.—The plaintiff in error, as plaintiff below, sued the defendant in error, as defendant below, in the circuit court of Marion county in assumpsit for the re-

covery of compensation for professional services rendered
as an attorney in and about the recovery for the defend-
ant of a judgment at law upon a claim against a third
party. The first count of the plaintiff's declaration al-
leging as follows in part:

"For that whereas the plaintiff at all times herein
mentioned was and is a practicing attorney at law in said
county and during the month of January or February,
1897, one James H. Hill, with the full knowledge and
acquiescence of said Adam B, Rou at that time or shortly
thereafter given or thereafter ratified, placed with this
plaintiff as an attorney for collection on behalf of said
Rou a certain paper writing in words and figures as
follows: * * * There follows a copy of a promissory note
for $1000.00 made to said Adam B. Rou by one R. B.
McConnell. The declaration then alleges a suit brought
upon said note by the plaintiff as attorney in favor of
the defendant Rou, and the recovery of judgment there-
on, including the sum of $100.00 incorporated in the
judgment recovered for the judgment plaintiff's attor-
ney's fee as provided in the note sued upon. Then fol-
lows allegations of an execution issued to enforce said
judgment and a levy thereof on property of the judg-
ment debtor and a sale thereof and a purchase thereof
at the sale by the defendant Rou who did not pay his bid
therefor in money but had it credited on the judgment.

The defendant Rou filed two pleas to this declara-
tion denying the employment of the plaintiff as attorney
and alleging that he employed James H. Hill, who is
an attorney at law, to sue upon and collect said note and
reduce the same to judgment and paid the said Hill a
sum agreed upon between them in full for such services,
and that if said Hill procured the plaintiff to perform
such services it was done without the knowledge, con-
sent or authority of defendant, and if the plaintiff acted

in the matter he acted as the agent and attorney of said Hill, whom defendant employed and paid in full for such services.

These pleas of the defendant were filed on the 4th day of May, 1907. And on the 1st day of June, 1907, the plaintiff filed a motion to require the defendant to amend his pleas in divers particulars, and on the same day; June 1st, 1907, the plaintiff filed a demurrer to the pleas of the defendant upon divers grounds.

On the 23rd of January, 1908, this motion and demurrer came on for hearing, and the court below made the following order and judgment:

"This cause came on to be heard and the same was argued by the attorneys for both parties on a motion of the defendant to dismiss the said cause for want of prosecution, and on the motion of the plaintiff for a compulsory amendment of the pleas and on the plaintiff's demurrer to the defendant's pleas, and they were all argued at the same time. On this argument it is made to appear to the court which is determined to be true, that after notice to dismiss for want of prosecution was given, then the plaintiff gave notice to hear the demurrer and the motion for a compulsory reformation of the defendant's pleas, and set the same for an earlier date for the hearing.

The pleas are without doubt bad. They are argumentative, prolix, uncertain and indefinite, and tender no single fact as an issue, nor admit nor deny the attempted allegations of the declarations.

A bad plea is a good answer to a bad declaration and the plaintiff's demurrer reaches back to the declaration. The declaration is bad. The first count is an attempt to charge the defendant on certain facts creating an implied obligation to pay, or implied promise to pay. It does not state that 'James H. Hill' was the attorney

of, the agent for, or had any authority to bind the defendant, nor does it state when defendant ratified the act of Hill, or that defendant knew of the plaintiff's service before or during the time he was performing the same.    It further shows that as early as the year 1897 the plaintiff made a demand on defendant for pay for the same services and that it was refused, and that the said claim is a stale demand and to be answered by the plea of the statute of limitations if the declaration was amended so as to be a good one in form and substance. The said second count is but a reiteration of 'realleging' the first count, with more matter by way of argument and reasoning, more appropriate for a bill in chancery than a declaration, but in no essential feature different except to show the defendant appropriated the judgment and bought lands thereunder.    Whether or not the causing the lands to be sold, and purchasing the lands at the sale was such a ratification as would then make defendant liable in a bill in equity, it is not now decided, for the answer might be properly made that the defendant would lose his status as a judgment creditor, or lose prior rights of lien and many other equitable matters. In this state of the record to now allow an amendment to the declaration, to allow proper pleas to a stale demand, one in which the plaintiff has manifested too little concern or interest, would be to encourage and put a premium on gross negligence in a case where attorney and client is the same person, and especially where most likely no good can be accomplished.    It is considered and ordered that plaintiff's demurrer and motion be overruled and denied, and the motion to dismiss is sustained, and the cause is dismissed at the cost of the plaintiff, to which rulings plaintiff excepts.    Done at chambers in Ocala, Florida, January 23rd, 1908.

W. S. BULLOCK, Judge."

The plaintiff below brings this judgment here for review by writ of error.

The court below erred in rendering the judgment appealed from.

The court below in its order decides in substance that the plaintiff's claim is barred by the statute of limitations. The statute of limitations had not been invoked or pleaded in the case by the defendant, and the court had no authority to inject it into the case of his own motion.

It is well settled that the bar of the statute must be interposed by the diligence of the debtor and as early as possible, and that it will not be raised by the court unsolicited; and if not taken advantage of by plea it will be considered to have been waived by the defendant. Wood on Limitations (3rd Ed.) Sec. 7, and cases there cited.

The court also holds the declaration of the plaintiff to be bad because it does not state that James H. Hill was the attorney of, the agent for or had any authority to bind the defendant, and because it does not state when defendant ratified the act of Hill, or that defendant knew of the plaintiff's services before or during the time he was performing same. We do not think the declaration is subject to demurrer on these grounds. As before seen the declaration distinctly alleges "that one James H. Hill with the full knowledge and acquiescence of said Adam B. Rou at that time or shortly thereafter given or thereafter ratified, placed with this plaintiff as an attorney for collection on behalf of said Rou a certain paper writing," &c.

We think that the court should have sustained the plaintiff's demurrer to the defendant's second plea, as it sets up nothing in defense; and tenders no sought of issue.

The judgment of the court below in said cause is hereby reversed at the cost of the defendant in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.