ARTHUR E. BURR, *et al.,* *Appellants,* v. JOSEPH HULL, *et al.,* *Appellees.*

Opinion Filed June 25, 1913.

Rehearing Denied November 4, 1913.

1. An order denying a motion to strike a cross-bill in an equity cause is appealable.

2. Striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice.

3. A pleading in proper form, duly authenticated and filed, should not be stricken for insufficiency, but its sufficiency should be tested by demurrer or other appropriate proceeding.

4. A pleading may be stricken if it is wholly irrelevant to the cause, or if it violates a rule or order of court, or if it be a palpable attempt to impose upon or trifle with the court, as by merely repeating or reiterating to no better effect the same matter which has already been presented and adjudged

5. Where a cross-bill is filed consisting of matters of defense that have been adjudicated as being irrelevant as a defense in an answer, such cross-bill should be eliminated; and under particular circumstances striking it is not a harsh or inappropriate remedy.

Appealed from the Circuit Court of Polk County; F. W. Whitney, Judge.

Order reversed.

*Jas. F. Glen, E. R. Gunby* and *Frank L. Simpson,* for Appellants;

*Bisbee & Bedell,* for Appellees.

WHITFIELD, J.—For prior appeals in this cause see Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754; 61 Fla. 625, 55 South. Rep. 852; 62 Fla. 499, 56 South. Rep. 673; 64 Fla. 59 South. Rep. 787.

Burr as trustee in bankruptcy brought suit against Hull and others. A supplemental bill was filed for the purpose of making new parties complainant. Exceptions to an answer to this supplemental bill were sustained and such order was affirmed in Hull v. Burr, 64 Fla., 59 South. Rep. 787. A replication was filed to the answer as it remained after exceptions to portions thereof were sustained. Subsequently the defendants below sought to present by cross-bill seeking affirmative relief, practically the same matters that had been presented by the answer to the supplemental bill and held to be insufficient on appeal to this court. The trial court denied a motion to file amendments to the answer and also denied a motion to strike the cross bill to the supplemental bill with leave to the cross defendants to plead, answer or demur to the

cross bill in fifteen days, and continued a motion for the appointment of a master to take testimony in the cause. The portion of the order denying the motion for leave to file amendments to the answer was not appealed from. The complainants who are cross deefndants appealed from the portions of the order denying the motion to strike the cross bill and continuing the motion to appoint a master to take testimony.

The orders here complained of are appealable. See Guggenhiemer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801; State *ex. rel.* Burbridge v. Call, 41 Fla. 450, 26 South. Rep. 1016; Sec. 1908 Gen. Stats. of 1906.

The cross bill prayed that the adjudication of the bankruptcy court of Massachusetts be declared null and void and that the cross defendants be enjoined from asserting in any court that they are trustees in bankruptcy as claimed by them.

It appears that the matters sought to be set up by cross bill as a basis for affirmative relief against the supplemental bill are in greater part at least and in legal effect practically the same as those set up by the answer to the supplemental bill, which matters were held to be insufficient on exceptions to the answer. Hull v. Burr, 64 Fla. 59 South. Rep. 787. In so far as the allegations of the cross bill were not in effect contained in the answer and held insufficient, they would be as effective by answer as by cross bill, making the cross bill unnecessary. Matters held insufficient in the answer cannot be presented by cross bill since they are *res adjudicata* in the cause.

Striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice. Ray v. Williams, 55 Fla. 723, 46 South. Rep. 158. And while a pleading in proper form, duly authenticated and filed, should not be

stricken for insufficiency, but its sufficiency should be tested by demurrer of other appropriate proceeding; yet a pleading ·may be stricken if it is 'wholly irrelevant to the cause, or if it violates a rule or order of court, or if it be a palpable attempt to impose upon or trifle with the court, as by merely repeating or reiterating to no batter effect the same matter which has already been presented and adjudged. Southern Home Ins. ·Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. See also, Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801. Though leave was given to file *nunc pro tunc* the cross bill to the supplemental bill, the matters set up in the cross bill have in effect been adjudicated in the cause by this court, and it appears that a striking of the cross ·bill filed without leave would not be a harsh remedy but an appropriate one.

After the exceptions to the answer to the supplemental bill was sustained, the defendants did not present other matters as amendments to the answer, but the defendants undertake to present by cross bill to the supplemental bill matters that have been adjudicated in the cause both in the trial court and on appeal by the sustaining of exceptions to portions of the answer, and the cross bill is not consistent with the averments and denials of the answer as it now stands. Under these circumstances the cross bill is not properly a part of the record of the cause and it should be eliminated. Whether the cross bill should be excluded by demurrer or motion or other procedure, no harm results from striking it with leave to the defendants to the original and supplemental bill to present any defense they may have by appropriate procedure, provided they do not again present matters that have been adjudicated in the cause, at least unless leave to do so is granted

by the appellate court as to adjudications affirmed in appeal.

The order denying the motion to strike the cross bill is reversed.

SHACKLEFORD, C. J. and TAYLOR, COCKRELL and HOCKER, J. J., concur.