CARRIE L. IVEY v. SOUTHERN STATES POWER COMPANY.

174 So. 834.
Opinion Filed June 2, 1937.

*John H. Carter* and *John H. Carter, Jr.,* for Plaintiff in Error;

*James H. Finch,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review final judgment in favor of defendant on motion to strike amended declaration being sustained. This is the second appearance of this case in this Court. See Southern States Power Co. v. Ivey, 118 Fla. 756, 160 Sou. 46. In that case we held in effect that the evidence failed to show any contractual liability on the part of Southern States Power Company in behalf of Mrs. Ivey and, in that connection, said:

"If that corporation may be held to liability in the transactions it must be on account of the fraud and deceit practiced by the sellers of the the stock to Mrs. Ivey, but there is no evidence of any such fraud perpetrated by them upon her, nor is there any evidence that the local corporation received any part of the money paid by Mrs. Ivey in either transaction. In the last transaction Mr. Hightower received the money, Mr. Kynes receiving a commission from him for selling the stock."

The judgment of the lower court in favor of Mrs. Ivey was reversed, the present writer dissenting.

The original declaration was as follows:

"JACKSON COUNTY, To-wit:

"Carrie L. Ivey, the plaintiff, sues Southern States Power Company, a corporation, the defendant, in an action of assumpsit, to-wit:

"For that the defendant at the institution of this suit was indebted to the plaintiff for money payable in the sum of $870.00 in money had and received by the defendant for the use of the plaintiff, and interest thereon at legal rate from November 1, 1932. That although same is long past due no part thereof has been paid, and defendant has refused to pay the same.

"WHEREFORE plaintiff sues and claims damages in the sum of $1,000.00."

When the mandate went down plaintiff moved to be allowed to amend her declaration. The motion was granted and amended declaration was filed. The amended declaration sets out and in detail the transaction between the plaintiff and defendant as per the contention of the plaintiff. The amended declaration alleges in substance that the defendant represented to the plaintiff that Central Public Service Corporation was a public utility corporation owning and operating public utility plants including the defendant company and its plant in Marianna, and its shares of stock were a choice investment absolutely safe and sound and that the plaintiff relied upon and believed such representations to be true when in truth and in fact Central Public Service Corporation owned no public utility plants, nor any stock in defendant company, but was a mere holding company having no assets in the State of Florida, nor authorized to do business in Florida, nor having any assets whatever, except invisible and intangible stock in other corporations having no assets in Florida. That defendant, through its employees, under such representations induced the plaintiff to buy certain shares of stock of said Central Public Service Corporation for which she paid to defendant large sums of money named in the declaration, defendant agreeing at the same time that said Central Public Service Corporation would buy back and take up said stock at any time plaintiff should

desire and so request; that thereafter the plaintiff demanded of the defendant that said Central Public Service Corporation buy back and take up said certificates of stock, but that defendant refused to do so, giving as its reason that said Central Public Service Corporation had ceased taking up its stock and that dividends had ceased. Then "Plaintiff avers that by reason of fraud and deception practiced upon her by the defendant in the premises, and its default in making good its promises aforesaid, she has been damaged in the sum of $870.00 with interest thereon from November 1, 1932, wherefore she sues and claims damages in the sum of $1,500.00."

Motion was made to strike the amended declaration upon the grounds that the amended declaration comes after judgment and sets up an entirely new and distinct cause of action, being an action in fraud sounding in tort, whereas the action originally commencing and prosecuting to a judgment is an action in assumpsit. (2) That the amended declaration of the plaintiff introduces and sets up· an entirely new and distinct cause of action than that on which the case was originally based, which is not permitted by the laws and rule of pleading in the State of Florida; (3) That the amended declaration amounts in law to departure in pleading not permitted by the law and rule of practice; (4) That there are, or may be, defenses to the cause of action stated in the amended declaration which would not be available if such cause of action were permitted to be filed as an amendment to the original action; (5) That the cause of action stated in the amended declaration shows upon its face that it is barred by the statute of limitations; (6) That the cause of action stated in the amended declaration is barred by the statute of limitations.

Motion to strike was granted and judgment entered in favor of defendant.

The motion to strike appears to be what is known as a speaking motion. The first ground is in effect a plea and issue cannot be joined on motion to strike.

The amended declaration considered *in pari materia* with the opinion of this Court in the case of Southern States Power Co. v. Ivey, *supra,* shows that the cause of action described in the amended declaration is the same cause of action declared on in the original declaration, but declared on in different form. Both declarations, when considered together with the record, appear to be based on the same cause of action sued upon under one count in the original declaration and on a different count in the amended declaration. Whether or not a declaration is legally sufficient as a pleading may not be determined on motion to strike, if the allegations of the declaration allege sufficient facts to constitute a cause of action. Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 Sou. 922; Johnson, et al., v. City of Sebring, 104 Fla. 584, 140 Sou. 672, and 675; Ray v. Williams, et al., 55 Fla. 723, 46 Sou. 158; Burr, et al., v. Hull, et al., 66 Fla. 20, 63 Sou. 300; Hammond v. A. Vetsburg Co., 56 Fla. 369, 48 Sou. 419.

Motion to strike a pleading admits the truth of all facts well pleaded. Randal v. Mickle, 103 Fla. 1229, 138 Sou. 14 and 141 Sou. 317; Batchelder v. Prestman, 103 Fla. 852, 138 Sou. 473.

In Monroe R. Lightsey, *et ux.,* v. A. P. Butts, *et al.,* 89 Fla. 185, 104 Sou. 852, we said:

"Unless wholly irrelevant or otherwise improper, a pleading should not be stricken. Oneida Land Co. v. Richard, 73 Fla. 884, 75 South. Rep. 412; Burr v. Hull, 66 Fla. 20,

63 South. Rep. 300; Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801."

The third ground of the motion says that the amended declaration is a departure in pleading. We can not conceive this ground to be tenable. A departure in a pleading is a desertion of the ground which the pleader occupied in his last antecedent pleading and a resort to another ground, but this does not occur by amendment to a declaration, unless by the allegations of an amendment to the declaration a pleader quits and departs from the cause which he has first made and has recourse to another. Livingston v. Malever, 103 Fla. 200, 137 Sou. 113, and cases there cited. In that case it was also held, in quoting with approval from the Alabama case of Nelson v. First National Bank of Montgomery, 139 Ala. 578, 36 Sou. 707:

" 'While this criterion of determining the character of amendments with reference to the principle of relation back to the commencement of the suit has not heretofore been expressly stated by this court, it may here be observed that in those cases where it was held that the amendment did not relate back so as to cut off the bar of the statute, the amendments were such as were violative of the common-law rule against departure in after-pleading. On the other hand, in those cases where the amendment was held to relate back, the new matter introduced presented no new claim or right arising out of the same general transaction, nor change of ground from that originally laid in the complaint, but merely stated, in varying forms of expression, the same claim or right in order to meet the different phases of the testimony, and without changing or departing from the original ground of liability; the new matter so introduced being within the *lis pendens* support-

ing and fortifying the original complaint, and leaving the issue unchanged.' "

In fact, a declaration may properly contain several grounds inconsistent with one another and an amended declaration may set up a new and independent ground of recovery without constituting a departure in pleading, while it might constitute duplicity. If the replication asserts some right not counted upon in the declaration, then a departure occurs. Eagle Fire Co. v. Lewallen, *et al.,* 56 Fla. 246, 47 Sou. 947; Crim, *et al.,* v. Drake, 86 Fla. 470, 98 Sou. 349; Livingston v. Malever, 103 Fla. 200, 137 Sou. 113.

It is held that under the statute it is made the duty of the trial court to allow, upon due application, amendments of all defects and errors in proceedings in civil causes that may be necessary for the purpose of determining in an existing suit the real question in controversy between the parties. American Lead Pencil Co. v. F. A. Wolfe & Co., 30 Fla. 360, 11 Sou. 488; Edwards v. Knight, 104 Fla. 16, 139 Sou. 582. See also Fancher v. Ramsey, 121 Fla. 631, 164 Sou. 688; James v. Phillips Co., 115 Fla. 472, 155 Sou. 661, in which case we held: "Amendment of declaration after limitation period does not generally make new cause of action, where real parties and interests and essential elements of controversy remain same."

The two last grounds of the motion attack the declaration upon the ground that the cause of action stated was barred by the statute of limitations. Such infirmity may not be reached by motion to strike but the defense may be asserted, if applicable, by plea. Green v. Rou, 56 Fla. 319, 48 Sou. 207; Bowery v. Babbit, 99 Fla. 1151, 128 Sou. 801.

The original declaration in this case was for money had and received by the defendant for the use of the plaintiff. Such count may be proved by any legal evidence showing

that the defendant has possession of the money of plaintiff which he ought to pay over. Bishop v. Taylor, 41 Fla. 77, 25 Sou. 287.

The amended declaration alleges:

"Yet the defendant by and through its employees, under the representations aforesaid induced the plaintiff to buy certain shares of stock of said Central Public Service Corporation, to-wit: 10 shares about June 16, 1930, for which she paid the defendant $580.00 in cash, and 5 shares about January 20, 1932, for which she paid the defendant $290.00 in cash, defendant agreeing at the same time that said Central Public Service Corporation would buy back and take up said stock at any time the plaintiff should desire and so request."

So the amended declaration alleges that the defendant, by fraud and deception, received from the plaintiff certain money and failed to return the same upon demand therefor. Evidence which will support the allegations of the amended declaration would also support a declaration on the count for money had and received by the defendant for the use of the plaintiff.

The judgment should be reversed and the cause remanded for further proceedings.

It is so ordered.

WHITFIELD, TERRELL and DAVIS, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.