STANLY, Associate Justice.
The appellant filed in the Probate Court of Palm Beach County her claim against appellee for $20,000 representing the alleged total value of a large quantity of per *861 sonal property, which included household furnishings, jewelry, silverware, Oriental rugs, miniatures, oil paintings (two of which are claimed to be by famous masters), automobile, bank deposit and contents of safe deposit box. The claim contained a detailed inventory of the property involved, except as to the contents of safe deposit box, and was followed by a statement “That the above described property was taken, seized, and collected by W. Taylor Wilson, as Executor under the Last Will and Testament of Mary D. Grist, Deceased.” It was seasonably filed within eight months following the first publication of notice to creditors by appellee. However, approximately seven weeks after the filing thereof, but approximately six weeks after the expiration of the statutory period allowed for the filing of claims, the appellant moved the Court for leave to amend her claim in the respect hereinafter mentioned. After all creditors of the estate had been notified of such motion, and following hearing thereon at which counsel for the estate and movant were present, the Probate Court entered an order granting the claimant leave to amend her claim by deleting therefrom the statement “* * * that the amount thereof, to-wit: the sum of Twenty Thousand ($20,-000.00) is justly due the said * * * (appellant) * * *, which sum represents the value of * * * ” the personal property particularly described therein and inserting in lieu thereof the statement “ * * * that the personal property described below is justly due the said * * * (appellant) * * * ” as her property. Hence, it is seen that the original claim was for a monetary sum of $20,000 alleged to be the value of the personal property taken by appellee, and the relief sought was the payment of that amount as the value of the described property. By the amendment, however, the appellant sought recovery of the specific chattels listed in the claim as distinguished from the aforementioned money value thereof.
The order of the County Judge allowing the amendment was appealed to the Circuit Court with result that the Circuit Judge reversed the County Judge’s order on the ground that “Apparently the amendment of the proof of claim set up a new cause of action, and could not be properly filed after expiration of the time for presenting claims. See 34 C.J.S., Executors and Administrators, § 417, page 199.”
The claimant brought the case here by appeal from that Circuit Court order reversing the County Judge’s order allowing appellant’s claim to be amended as above mentioned. The appellee contends that such amendment had the effect of changing both the nature and amount of the claim as well as the relief sought by claimant; and that by reason thereof the attempted amendment involved more than a mere correction of a defect as to form, and constituted such a departure from the cause of action on which the original claim was based as to amount to the filing of a new claim which should be barred by the statute of nonclaim.
There are several considerations that require us to reject those contentions made by the appellee. The original claim set forth a detailed inventory of the numerous articles of personal property which the claimant asserted had been taken, seized and collected by appellee. Likewise the amended claim carried forward the same identical inventory and assertions so that the real controversy between the parties under either the original or amended claim was whether the appellee had improperly taken, seized and collected the property in question. This is borne out by the fact that the only issues sought to be raised by ap-pellee in his formal objection to appellant’s claim filed in the Probate Court were: (1) That the personal property described in said claim was not due the said claimant; and (2) that said personal property was owned1 by appellee’s decedent at the time of her death, so that at such time ownership thereof became, and still remains, vested in ap-pellee in his capacity as executor of decedent’s Last Will and Testament. The basis-for the cause of action on which either the original, or amended, claim must rest is the disputed ownership of the property involved. Settlement of that dispute by prosecution of a probate claim to recover either the particular property listed, or the values *862 thereof raises the same legal issues regardless of which of those two remedies the claimant may choose to pursue; and irrespective of the remedy pursued the evidence required to establish ownership of said property would be exactly the same.
We have held that one of the tests by which to determine whether an amended pleading is for the same or a different cause of action stated in a former pleading is whether the same evidence will support a judgment rendered upon either. Livingston v. Malever, 103 Fla. 200, 137 So. 113. And that an amended pleading which is a mere restatement in different form of the same cause of action that was originally pleaded relates back to the beginning of the action insofar as it is affected by the statute of limitations. La Floridienne, etc., v. Atlantic Coast Line Railroad Co., 63 Fla. 213, 58 So. 186, and Fancher v. Rumsey, 121 Fla. 631, 164 So. 688.
Under the amendment no additional facts have to be proved to support the claim. On the contrary the amendment eliminated the question of value of the articles listed so that neither of the parties would be put to the expense of proving their value— which in the case of a few of the objects of art here involved could entail substantial •expenditure. Certainly there would be no need to spend money establishing value of the chattels if reasonable to avoid it. The objection to the amended claim filed on behalf of the appellee-executor did not suggest that the chattels were not available for surrender in the event of an adverse adjudication thereon. The probate statutes confer broad discretion upon the County Judge to authorize changes in the form of claims at any time before payment. Section 733.17 Fla.Stat., F.S.A. And the general policy of the probate law as enunciated in Section 732.08(1) Fla.Stat., F.S.A., is that :
“ * * * All technical forms of pleadings are abolished. No defect of form shall impair substantial rights”.
Amendments of claims against estates filed out of time were sanctioned in re: Jeffries’ Estate, 136 Fla. 410, 181 So. 833, and in Black v. Walker, 140 Fla. 48, 191 So. 25. Other examples of amendrhents permitted under strict common law procedures which prevailed prior to the liberalized statutes and rules of modern practice are to be found in Gibbs v. McCoy, 70 Fla. 245, 70 So. 86; Ivey v. Southern States Power Co., 128 Fla. 345, 174 So. 834; Marks v. Fields, 160 Fla. 789, 36 So.2d 612; Lopez v. Avery, Fla., 66 So.2d 689; Atlantic Coast Line R. Co. v. Edenfield, Fla., 45 So.2d 204; and Annotation 76 A.L.R. 1380.
Under the amended, as well as the original, claim the parties in interest and essential elements of- controversy remain the same. The law of our state favors liberality in amendments to pleadings. We cannot say that the County Judge abused his discretion in allowing the amendment to the claim; and we do not believe his doing so constituted reversible error.
The possible effect of Section 733.19 Fla.Stat., F.S.A., on the controversy was not raised in the lower courts, and as it is not necessary for us to here decide that question we refrain from doing so. However, inasmuch as the amended claim seeks recovery of specific property it may be, noted that Mr. Redf earn in ■ his comprehensive work on Wills and Administration of Estates in Florida (2nd Edition) at page 146, interprets . said Section 733.19 to mean that “ * * * claims to specific property, real or personal, may be enforced as to the property encumbered or claimed, whether or not claims based on them are filed against the estate.”
The Circuit Court’s judgment reversing the County Judge’s order allowing the amendment of appellant’s claim should be, and is hereby,
Reversed.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.