250 So.2d 895 (1971)
Daniel Larry PIZZI and Sherian Pizzi, Petitioners,
v.
CENTRAL BANK AND TRUST COMPANY, a Banking Corporation, et al., Respondents.
No. 40684.
Supreme Court of Florida.
June 30, 1971.
*896 Rudolph Browd, of Wilson, Burns & Browd, Miami, for petitioners.
Ronald A. Shapo, of Pallot, Poppell, Goodman & Shapo, Miami, for respondents.
ERVIN, Justice.
Certiorari was granted to review the Third District Court of Appeal's 2-1 per curiam affirmance of the trial court's dismissal of a second amended complaint in favor of respondent Central Bank and Trust Company. Pizzi v. Central Bank and Trust Co., Fla.App. 1970, 241 So.2d 450.
Although the District Court majority did not issue a written opinion stating the reasons for its affirmance, this Court has conflict certiorari jurisdiction over the cause. We have granted certiorari in similar cases where an examination of the complaint shows that it is legally sufficient and the case records reveal the District Court has erroneously affirmed the trial court's dismissal on the ground that it did not state a cause of action. Fontainebleau Hotel Corp. v. Walters, Fla. 1971, 246 So.2d 563; Balbontin v. Porias, Fla. 1968, 215 So.2d 732.
According to Rule 1.110, F.R.C.P., 30 F.S.A., 70, to state a cause of action the complaint must:
"* * * contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled."
In all proceedings, except those for declaratory judgments, the test used to determine whether a complaint is sufficient under this rule is:
"Whether, if the factual allegations of the complaint are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant." Hankins v. Title and Trust Company of Florida, Fla.App. 1964, 169 So.2d 526, 528.
The complaint in the instant case alleges that certain of the defendants, David L. Husman and his wife, and Stanley Matusow and his wife, executed a "Warranty Deed to Trustee under Land Trust Agreement" giving the defendant/respondent bank (Central Bank and Trust Company, Trustee) "the authority to manage and dispose of" (emphasis supplied) certain property, including The Champion Apartments. The complaint states that the plaintiff/petitioners entered into a lease with Byron Holding Company, which, according to the complaint, is the alter ego of two of the defendants, Mr. and Mrs. Matusow, who are its officers, directors and only stockholders; and that Byron Holding Company's only function "is to execute apartment leases on the multiple apartment dwelling. [The Champion Apartments.]" The plaintiffs paid the required deposit and rent and moved into one of the apartments. In their complaint, they alleged that although they "complied *897 with all the terms of the said agreement and lease,":
"before the expiration of the term for which the rent had been paid, and during that period of time wherein the Plaintiffs had the right of possession to the said demised premises, and during the temporary absence from there of the Plaintiffs, the Defendants CENTRAL BANK AND TRUST COMPANY, a banking corporation; and CENTRAL BANK AND TRUST COMPANY, as Trustees for DAVID L. HUSMAN and wife, and STANLEY MATUSOW and wife; and DAVID L. HUSMAN individually; and STANLEY MATUSOW individually; and BYRON HOLDING CORPORATION, acting under the authority, control and consent of CENTRAL BANK AND TRUST COMPANY, a banking corporation; and CENTRAL BANK AND TRUST COMPANY, as Trustees for DAVID L. HUSMAN and wife, and STANLEY MATUSOW AND wife; and DAVID L. HUSMAN individually; and STANLEY MATUSOW individually; without right, maliciously, willfully, without probable cause and without regard to the rights, health and feelings of the Plaintiffs, without right and without consent of the Plaintiffs, and wholly against the wishes of the Plaintiffs, entered upon and ousted and evicted the Plaintiffs from the demised premises, and locked out the Plaintiffs without giving any notice to the Plaintiffs of such intention, notwithstanding the Plaintiffs had the right to possession of the demised premises at the time of the unlawful and wilful eviction."
The complaint further alleges "that the Plaintiff SHERIAN PIZZI, wife of the Plaintiff DANIEL LARRY PIZZI, was in her eighth month of pregnancy at the time of the happening of the grievance complained of * * *."
The bank moved to dismiss the complaint, stating that the complaint did not state a cause of action as to it, since the lease was signed only by Byron Holding Company. It was this motion which was granted by the trial court and affirmed by the District Court. We find that this decision was in error.
The complaint on its face alleges (as per quote therefrom recited above) sufficient facts to state a cause of action as required by Rule 1.110, F.R.C.P. This is all that may be considered by the trial court when ruling on a motion to dismiss a complaint for failure to state a cause of action. While the bank may have affirmative defenses which will absolve it of all liability, either in summary judgment proceedings or at trial, these may not be considered at this time. Johnson v. Southern Bell Telephone and Telegraph Company, Fla.App. 1964, 169 So.2d 36. The court "must confine itself strictly to the allegations within the four corners of the complaint." Kest v. Nathanson, Fla.App. 1968, 216 So.2d 233, 235. It appears that the lower courts in the instant case did not adhere to this rule.
We note from the record that requests for admissions from plaintiffs were sought by the Central Bank and Trust Company prior to any issues being made by complaint and answer. However, this effort had no bearing on the sufficiency of the allegations of the complaint and was therefore immaterial on that issue. Moreover, the order dismissing the amended complaint was grounded upon the motion to dismiss testing the complaint and not otherwise.
The judgment of the District Court is quashed and the case is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C.J., and CARLTON and ADKINS, JJ., concur.
BOYD, J., dissents.