445 So.2d 1090 (1984)
COSTA BELLA DEVELOPMENT CORPORATION, Appellant,
v.
COSTA DEVELOPMENT CORP., Ruth L. Elsasser, Sergio Diaz, Mercedes Diaz, Carol White, Irving Nissman, Flora Nissman, Alberto Fernandez Bravo, Teresita Fernandez Bravo, Irene Redstone, Hugo Misle, Abraham Janna and Carmen Janna, Appellees.
Nos. 82-1277, 82-1278 and 82-2129.
District Court of Appeal of Florida, Third District.
February 28, 1984.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Arky, Freed, Stearns, Watson & Greer and Jill Nexon and Edward A. Stern; Fleming & Huck and Paul Huck, Miami, for appellees.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
The rulings of the trial court in this action to foreclose mortgages on condominium apartments are affirmed upon a holding that (1) the issue of whether the dismissal was proper was rendered moot by this court's decision in Costa Bella Development Corp. v. Costa Development Corp., 441 So.2d 1114 (Fla. 3d DCA 1983), (2) a trial court's ruling permitting or denying further amendments to pleadings will not be disturbed on appeal in the absence of an abuse of discretion, Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983); Lasar Manufacturing Company, Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983), (3) the trial court did not err in refusing to strike appellees' affirmative defenses since the striking of pleadings is not favored and all doubts are to be resolved in favor of the pleadings, Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979); Bay Colony Office Building Joint Venture v. Wachovia Mortgage Co., 342 So.2d 1005 (Fla. 4th DCA 1977), (4) the trial court's adjudication of appellees' counterclaim while an appeal was pending did not *1091 interfere with this court's authority to decide the pending appeal since different issues were involved in the respective cases, Seaboard Coast Line Railroad Co. v. Lantz, 405 So.2d 495 (Fla. 3d DCA 1981); FMS Management Systems, Inc. v. IDS Mortgage Corp., 402 So.2d 474 (Fla. 4th DCA 1981), (5) appellant's assertion that the summary judgment is too broad is wholly without merit since the trial court's order clearly states that it encompasses only those owners whose title was recorded on or before January 8, 1979, and (6) appellant's affirmative defenses are clearly resolved in favor of the appellees by simply referring to the agreement itself and to appellant's conduct in this case.
Affirmed.