597 So.2d 427 (1992)
SARGENT, REPKA, COVERT, STEEN & ZIMMET, P.A., a Florida professional association, Appellant,
v.
HAMC INDUSTRIES, INC., a Florida corporation, Appellee.
Nos. 91-00483, 91-01716.
District Court of Appeal of Florida, Second District.
April 24, 1992.
*428 Thomas C. Jennings, III of Repka, Geoghegan & Jennings, P.A., Palm Harbor, for appellant.
D. Keith Thomas of Tew, Zinober & Barnes, Clearwater, for appellee.
PARKER, Judge.
Sargent, Repka, Covert, Steen & Zimmet, P.A. (the law firm) appeals the trial court's order striking its complaint as a sham pleading and entering summary judgment in favor of HAMC Industries, Inc. (HAMC). The law firm also appeals the judgment for fees and costs entered in favor of HAMC and against the law firm, Dennis L. Repka, P.A.[1], and Dennis L. Repka personally. We reverse, concluding that the law firm presented evidence in the lower court which supported its allegations in the complaint and contradicted HAMC's position in its motion to strike the complaint.
Attorney Neil Covert had performed legal services for HAMC when he was a managing partner of the law firm. Covert resigned from the law firm in November 1989. The HAMC file was released to Covert upon his representation, according to Dennis Repka, a firm partner, that HAMC would pay the firm its obligations.
On December 1, 1989, the law firm mailed a billing statement to HAMC, which reflected an amount owing of $8,582.19. Of this amount, $6,979 was for services rendered in September and October 1989, and $1,603.19 was the previous balance due. HAMC paid $1,513.19. The law firm mailed two reminder bills and then mailed a demand letter in July 1990. Covert requested a copy of the bill, which was furnished to him. Covert then sent the law firm a letter stating that he did not intend to bill HAMC for time he spent "financial modeling" for HAMC. His letter indicated that the time he spent financial modeling was the time which the law firm was seeking to collect. Covert does not dispute that his letter in July 1990 was his first written objection to the billing. A follow-up letter from Covert reiterated his position that HAMC owed nothing to the law firm and that should the law firm sue, the law firm might be exposing itself "to a malicious prosecution or abuse of process lawsuit, or both."
In September 1990 the law firm filed a complaint against HAMC alleging account stated, open account, quantum meruit, and unjust enrichment. HAMC filed its answer and affirmative defenses and a sworn motion to strike the complaint. The sworn motion to strike the complaint was filed pursuant to Florida Rules of Civil Procedure 1.150 and alleged that the complaint should be stricken as a sham. The attached *429 sworn affidavit signed by the president of HAMC avers that HAMC was never to have been billed for the services rendered in September and October 1989, that Covert communicated that fact to the president of HAMC, and that Covert informed Repka of that fact after HAMC was billed.
The trial court heard testimony from Covert, the law firm's office manager, and Repka. The law firm presented testimony which established that Covert had written "hold" on his pre-bill records for the time he spent on the HAMC matters at issue. By office practice, this indicated that HAMC was to be billed later for the services. The office had established different procedures to write off existing billings. Covert did not utilize the write-off procedure for the services he rendered for HAMC in September and October 1989.
Following testimony and arguments, the trial court entered an order striking the law firm's complaint as a sham. Thereafter, the trial court entered a judgment for attorney's fees and costs pursuant to section 57.105, Florida Statutes (1989), against the law firm, the law firm representing the plaintiff in the lower court, and Repka individually.
Our supreme court has defined a sham pleading as one which "is palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue." Rhea v. Hackney, 117 Fla. 62, 70, 157 So. 190, 193 (1934). In reviewing a motion to strike pleadings, the "striking of pleadings is not favored and all doubts are to be resolved in favor of the pleadings." Costa Bella Dev. Corp. v. Costa Dev. Corp., 445 So.2d 1090, 1090 (Fla. 3d DCA 1984) (citations omitted). See also Ivey v. Southern States Power Co., 128 Fla. 345, 174 So. 834 (1937). A "[m]otion to strike a pleading admits the truth of all facts well pleaded." Ivey, 174 So. at 836 (citations omitted). Finally, in Scarfone v. Silverman, 408 So.2d 778 (Fla. 2d DCA 1982), this court concluded that when a party submits any evidence to support his allegations which directly contradicts the other party's position, the court cannot strike one party's pleadings simply because the opposing party says they are false.
Although it can be argued that HAMC eventually may prevail in this action, the complaint is not a sham pleading because the law firm presented evidence to support its allegations against HAMC. The law firm presented testimony that Covert marked the pre-bills in a manner indicating that HAMC would be billed for these services at a later time. Covert thereafter left the law firm with HAMC's files, and there is some evidence, if believed, that he agreed HAMC would pay any outstanding balance to the law firm. Thus there exists a dispute as to whether HAMC owes for services rendered. We conclude, based upon the filed motion and the evidence presented, that this case must proceed beyond the striking of the complaint.
We, therefore, reverse the order striking the law firm's complaint and entering summary judgment in favor of HAMC. Because of our holding, we also reverse the judgment for fees and costs.
Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The trial court denied individual liability for the associate of this law firm who filed the complaint, concluding that he acted in good faith based upon the representations of his client.