PARKER, Judge.
Seminole Heights United Methodist Church, Inc., and Larry G. Jones appeal the trial court’s order which struck as a sham their Amended Complaint for contribution and equitable subrogation against Kirit Patel d/b/a Columbia Motel and USA Steel Fence Company. We reverse, concluding that the Amended Complaint is not a sham pleading.
In 1993 the personal representative of the estate of a minor filed a wrongful death action against the church and Jones, who was driving the church van involved in a collision with the bicycle that the minor was riding. According to the complaint in that case, Jones negligently operated the motor vehicle so that it collided with the minor on his bicycle, resulting in the minor’s death. The church and van driver settled the underlying lawsuit and obtained a release from the estate.
In 1994 the church and Jones filed a suit against Patel and the fence company for contribution and equitable subrogation. The Amended Complaint alleged the following facts: (1) Patel and the fence company negligently erected a fence at an intersection in violation of the law and that the fence eonsti- *802 tuted a traffic hazard which obscured the view of drivers and pedestrians approaching the intersection; (2) the van driver stopped at the stop sign adjacent to the premises where Patel and the fence company had erected the fence and that at the point where the van driver stopped at the stop sign, he could not see the bicyclist coming down the sidewalk because of the illegally erected fence which obstructed his view; (3) at the point where the van driver stopped at the stop sign, the bicyclist could not see the van because of the fence; (4) if the fence had been in conformity with law, including city ordinances, and had been maintained reasonably on the date of the accident, the van driver and the bicyclist would have seen each other in sufficient time prior to the accident to avoid the accident and the accident would not have occurred; (5) when the bicycle and the van finally reached a point where the bicyclist and the van driver could see each other after clearing the visual obstruction of the fence, there was insufficient time to avoid the accident; and (6) this negligence of Patel and the fence company was a legal cause of the death of the bicyclist and the damages which his survivors sustained.
Both Patel and the fence company filed motions to strike the complaint as a sham pleading. In support of the motions to strike, Patel filed the deposition of the van driver taken in the underlying suit. The fence company relied upon the record and Patel’s arguments. Patel and the fence company do not dispute that the erection and maintenance of the fence violated the city ordinance. The issue is whether the Amended Complaint, which alleged that the illegal fence was a legal cause of the accident, was a sham pleading.
Sham pleadings are discussed in this court’s case of Sargent, Repka, Covert, Steen & Zimmet, P.A. v. HAMC Industries, Inc., 597 So.2d 427 (Fla. 2d DCA 1992). In HAMC Industries we stated:
Our Supreme Court has defined a sham pleading as one which “is palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue.” Rhea v. Hackney, 117 Fla. 62, 70, 157 So. 190, 193 (1934). In reviewing a motion to strike pleadings, the “striking of pleadings is not favored and all doubts are to be resolved in favor of the pleadings.” Costa Bella Dev. Corp. v. Costa Dev. Corp., 445 So.2d 1090, 1090 (Fla. 3d DCA 1984) (citations omitted). See also Ivey v. Southern States Power Co., 128 Fla. 345, 174 So. 834 (1937). A “[mjotion to strike a pleading admits the truth of all facts well pleaded.” Ivey, 174 So. at 836 (citations omitted). Finally, in Scarfone v. Silverman, 408 So.2d 778 (Fla. 2d DCA 1982), this court concluded that when a party submits any evidence to support his allegations which directly contradicts the other party’s position, the court cannot strike one party’s pleadings simply because the opposing party says that they are false.
HAMC Indus., 597 So.2d at 429. We conclude that the trial court erred in ruling that the Amended Complaint was a sham pleading. Our review of Jones’s deposition and the affidavit of the plaintiffs’ expert clearly reflects that a jury could find that this fence was the proximate or contributing cause of the accident. There is no dispute that Jones stopped his van at the stop sign. The plaintiffs’ expert’s exhibits show that when Jones was stopped at the stop sign, the fence prevented him from looking to his right and observing oncoming traffic or pedestrians. The defendants point to Jones’s deposition testimony that at one point, prior to the collision, he had a clear view down the sidewalk and never saw the minor. In another part of that same deposition, however, Jones testified that when he stopped at the stop sign, all he could see was the fence. We conclude that Jones’s deposition, taken as a whole, is not inconsistent with the position he and the church have taken in this action. Further, Jones and the church have presented evidence to support the allegations set forth in the Amended Complaint. We, therefore, reverse the Order Striking Plaintiffs’ Amended Complaint With Prejudice and Granting Judgment for Defendants.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL, J„ concur.