CAMPBELL, Acting Chief Judge.
Appellants, James T. Kimball (Kimball) and Discovery Experimental & Development, Inc. (DEDI), appeal the trial court order that granted appellees’ motion to strike appellants’ Second Amended Complaint for Injunction and Declaratory Relief as a sham and, accordingly, dismissed the complaints with prejudice. We reverse.
Appellant Kimball is the president of appellant DEDI. DEDI is a corporation subject to regulation under chapter 499, Florida Statutes (1993). Appellees Orr and Jones are employees of appellee/HRS. HRS, through the alleged actions of Orr and Jones, pursued various regulatory and enforcement actions against DEDI allegedly pursuant to authority granted under chapter 499. As a result of the HRS action, appellants DEDI and Kimball filed complaints for injunctive and declaratory relief. Among other things, their complaints alleged as follows:
15. ORR and GERBER then searched the business premises and seized numerous documents and other items found therein and belonging to DEDI, or alternatively seized and copied numerous documents belonging to DEDI using the copying facilities on the business premises.
16. The above-described process of search and seizure continued until approximately 11:00 p.m. that same evening.
17. The above-described search and seizures were performed in violation of or beyond the authority of Chapter 499 of the Florida Statutes, which authorizes and regulates the inspection of any establishment permitted under Chapter 499 during business hours for the purpose of enforcing the provisions of Chapter 499 or of any other establishment to determine compliance with Chapter 499.
18. Because there was no legal authority for the above-described search and seizures, the search and seizures were unlawful.
19. Many or all of the documents and other items seized or copied as described above did not pertain in any way to the lawful and authorized investigative interests of HRS or its agents or employees.
[[Image here]]
23. DEDI must possess, have access to, and use the documents and other items seized in order to continue and conduct its lawful business, but is prohibited by the seizure and taking of the documents and other items.
24. In light of the ongoing civil litigation for the past seventeen months in this *639 cause and in Case Number CA 93-3991 of this Court, including the ongoing discovery process in the civil litigation, the above-described search and seizure and copying of documents and other items by HRS and ORR under the direction of JONES constituted an unlawful action to circumvent the discovery provisions of the Florida Rules of Civil Procedure.
25. The seizure of the documents and other items by ORR and GERBER acting under the direction of JONES as the agents or employees of HRS has caused, is causing, and will continue to cause irreparable harm to the lawful business of DEDI.
26. In addition to the above, in July of 1993, ORR as an agent or employee of HRS entered the business premises of DEDI and remained on the business premises for a substantial period of time with the purpose of obtaining KIMBALL’s consent to search the business premises and seize additional items which the agents deemed relevant in the prosecution of their cause against the DEDI, and such entry and remaining was done without any warrant or other legal authorization or grounds to enter the business premises.
27. Such entry and remaining upon the business premises in July of 1993 and the search and seizure on July 13, 1994, were done with the unlawful intent to annoy, harass and intimidate KIMBALL and other employees of DEDI, and were done without any lawful purpose or authorization.
28. There are reasonable grounds to believe that JONES, ORR, GERBER or other agents or employees of HRS will continue to enter and remain on the business premises of DEDI and will conduct unlawful searches of the business premises and seizures of the property of DEDI and others with the same unlawful intent to annoy, harass and intimidate KIMBALL and other employees of DEDI or to violate the provisions of Chapter 499 and the Florida Rules of Civil Procedure without lawful purpose or authorization.
Persons who are the subject of harassment by the overzealous, improper or bad faith use of valid statutes may be afforded the protection of injunctive relief. Rapp v. Disciplinary Board of Hawaii Supreme Court, 916 F.Supp. 1525 (D.Hawai’i 1996); P.A.B., Inc. v. Stack, 440 F.Supp. 937 (S.D.Fla.1977). Appellants have attempted to allege acts of harassment that, if proven, might be subject to injunctive relief. A motion to dismiss as a sham a pleading in its entirety should not be granted unless the pleading is so undoubtedly false as not to be the subject of a genuine issue of fact. A pleading may be dismissed as a sham only when it is palpably or inherently false and, from the plain or conceded facts in the case, must have been known to the party pleading it to be untrue. Menke v. Southland Specialties Corp., 637 So.2d 285 (Fla. 2d DCA 1994); Wood v. Price, 546 So.2d 88 (Fla. 2d DCA), rev. denied, 553 So.2d 1166 (Fla.1989); Slatko v. Virgin, 328 So.2d 499 (Fla. 3d DCA 1976).
A motion to strike pleadings is not favored and all doubts should be resolved in favor of the pleadings. See Sargent, Repka, Covert, Steen & Zimmet, P.A. v. HAMC Indus., Inc., 597 So.2d 427 (Fla. 2d DCA 1992). A hearing on a motion to strike as sham is not a hearing to try the issues and should not be granted because of inartful pleadings or correctable omissions.
Since the trial court dismissed appellants’ second amended complaints with prejudice finding only that the complaints were sham and there was no finding by the trial court that the complaints were filed in bad faith or were inherently or palpably false, they should be reinstated.
Reversed and remanded for further proceedings consistent herewith.
BLUE and FULMER, JJ., concur.