NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LANDMARK FUNDING, INC, derivatively )
on behalf of Naples Syndications, LLC, )
 )
  Appellant, )
 )
v. ) Case No. 2D15-4188
 )
AMIR CHALUTS; 951 HOLDINGS SW FL, )
LLC; ROBERT SINGER; NAPLES )
SNYDICATIONS; TROY PETER VAN )
HAASTRECHT; GORDON VICTOR BUCK; )
ARGO US, LLC; ARGO WARM SPRINGS, )
LLLP; LINDA SINGER; and JESSE )
SINGER, )
 )
  Appellees. )
_____)

Opinion filed March 15, 2017.

Appeal from the Circuit Court for Collier
County; James R. Shenko, Judge.

Juan J. Rodriguez and David M. Levine of
Carey Rodriguez Milian Gonya, LLP,
Miami, for Appellant.

James A. Boatman, Jr., of The Boatman
Law Firm, P.A., Naples, for Appellees Amir
Chaluts and 951 Holdings SW FL, LLC.

Jeffrey B. Shalek of Phillips, Cantor,
Shalek, Rubin & Pfister, P.A., Hollywood
for Appellees Robert Singer, and Naples
Syndications.

No appearance from remaining Appellees.

SALARIO, Judge.

Landmark Funding, Inc., the plaintiff in a limited liability company member's derivative action brought on behalf of Naples Syndications, LLC, appeals from an order dismissing the suit based on its alleged lack of standing. Because the trial court looked beyond the four corners of the verified complaint in determining that Landmark lacked standing to sue derivatively on Naples Syndications' behalf, we reverse.

We review a trial court's order dismissing a complaint de novo. Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007). "A motion to dismiss . . . tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact." McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss, 704 So. 2d 214, 215 (Fla. 2d DCA 1998). As such, when passing on a motion to dismiss, the trial court "is limited to considering the four corners of the complaint along with the attachments incorporated into the complaint." Neapolitan Enters., LLC v. City of Naples, 185 So. 3d 585, 589 (Fla. 2d DCA 2016); see also McWhirter, 704 So. 2d at 215 ("[T]he trial court must confine itself strictly to the allegations within the four corners of the complaint.").

Under the Florida Revised Limited Liability Company Act, the nominal plaintiff in a member's derivative action may maintain the suit only if (1) it is a member of the LLC at the time of suit and (2) it was a member at the time of the conduct giving rise to the suit or obtained its membership interest from someone who was a member at that

- 2 -

time.  See § 605.0803, Fla. Stat. (2014).  The operative complaint in this case alleged ultimate facts demonstrating Landmark's membership both at the time of the suit and at the time of the alleged misconduct.  The complaint contained no attachments that contradicted those allegations.  As such, it was legally sufficient insofar as Landmark's standing is concerned and not properly subject to a motion to dismiss on that basis.  See Dingle v. Dellinger, 134 So. 3d 484, 490-92 (Fla. 5th DCA 2014) (reversing dismissal of legal malpractice complaint that alleged ultimate facts showing that plaintiffs had standing as intended third-party beneficiaries); cf. Save Homosassa River All., Inc. v. Citrus Cty., 2 So. 3d 329, 342 (Fla. 5th DCA 2008) (Pleus, J. dissenting) (noting requirement that complaint allege ultimate facts showing the plaintiff's standing (citing Fla. R. Crim. P. 1.110(b); Williams v. Howard, 329 So. 2d 277 (Fla. 1976))).

The trial court nonetheless found that Landmark was judicially estopped from asserting its standing because its principal made inconsistent statements concerning his and Landmark's relationship to Naples Syndications in an earlier bankruptcy case and two prior lawsuits.  Relying on our decision in Veal v. Voyager Property & Casualty Insurance Co., 51 So. 3d 1246 (Fla. 2d DCA 2011), and the Fourth District's decision in One Call Property Services, Inc. v. Security First Insurance Co., 165 So. 3d 749 (Fla. 4th DCA 2015), the trial court held that it could consider records from those proceedings on a motion to dismiss because they had been impliedly incorporated into Landmark's derivative complaint.  That was error.  The derivative complaint mentions only one of these proceedings, and neither Landmark's standing nor the merits of its claims as pleaded in the derivative complaint are in any way based or dependent upon the records from them.  Cf. One Call, 165 So. 3d at 752 (holding that

trial court properly determined that an insurance policy was impliedly incorporated where "[t]he complaint refers to the policy, and One Call's standing to bring suit is premised on an assignment of the policy"); Veal, 51 So. 3d at 1249 (holding that the complaint impliedly incorporated the terms of a settlement agreement where "the complaint refers to the settlement agreement, and in fact, Veal's standing to bring suit is premised on the terms of that agreement"). The concept of implied incorporation provided no basis for the trial court to go outside the four corners of the complaint and its exhibits in this case.[1]

Moreover, even if the trial court could have considered documents from the prior proceedings, its determination that judicial estoppel precluded Landmark from pleading its standing would have remained incorrect. Judicial estoppel applies when a party in a current proceeding has successfully maintained an inconsistent position in a prior proceeding to the prejudice of the adverse party in the current proceeding. See Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001) (citing Chase & Co. v. Little, 156 So. 609, 610 (Fla. 1934)). Determining that Landmark was judicially estopped thus required not only a showing of inconsistent statements, but also the identity of parties (or an exception to that requirement), the successful maintenance of the inconsistent position, and prejudice. See id.; Grau v. Provident Life & Accident Ins. Co., 899 So. 2d 396, 400 (Fla. 4th DCA 2005). With the exception of inconsistency, the trial court did not determine that any of these elements are present. Nor, at least based

---

[1]Apart from implied incorporation, the appellees have not asserted, either here or in the trial court, that any other exception to the four-corners rule applies or that we should apply a standard other than the four-corners rule to an LLC member's allegations of standing to maintain a derivative action.

- 4 -

on the record before us, could the trial court have made such determinations. As such, the trial court was incorrect, at this phase of the case, to hold that judicial estoppel precluded Landmark's assertion of standing to maintain a derivative action.

None of this is to say that Landmark has standing or that judicial estoppel does not apply. A properly timed and supported motion for summary judgment may well terminate the case. It was premature, however, to resolve these issues on the motions to dismiss that were tendered by the parties in defense to Landmark's complaint. Accordingly, the dismissal order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and KELLY, JJ., Concur.