LETTS, Judge.
The trial judge, without comment, granted a motion to dismiss a petition for surcharge of a personal representative. We reverse.
This appeal, and three others issued simultaneously herewith as per curianas affirmed,[1] all have their genesis in the estate of Alan Novick. The deceased Novick was the president of ESM Group, Inc., a securities firm which collapsed and went bankrupt amid charges of fraud, misconduct and mismanagement.
Shortly after Novick’s death, his widow filed an instrument purporting to be her husband’s last will and testament and she was appointed his personal representative pursuant thereto. Some three months thereafter, the will was revoked as a forgery and the widow resigned as personal representative. During her tenure as personal representative, the widow paid off the claim of a particular creditor, First Security, to the tune of $951,000, ignoring the claims of other creditors including that of an out-of-state bank, Central Bank & Trust Company, the appellant.
After the widow’s resignation, the successor personal representative entered into a settlement agreement with the widow, First Security and the Equity Receiver of ESM Group, Inc. To this settlement, the out-of-state Central Bank objected. Notwithstanding, the trial court approved the settlement and in a companion appeal we have found no error in that approval.
In one respect, however, we must disagree with the trial court. Specifically, we reverse the trial court’s order granting the dismissal of the out-of-state Central Bank’s motion to surcharge the widow for her actions while serving as personal representative.
In the motion to dismiss the petition for surcharge, the widow principally alleged that the court order, which approved the settlement entered into by the successor personal representative, was already on appeal to this court. According to the widow, that on-going appeal robbed the trial court of jurisdiction to consider the petition for surcharge against her because the petition and the on-going appeal essentially involved the same relief. We disagree. The petition for surcharge is addressed only to the widow and not the successor personal representative. The latter inherited what can only be described as a mess, none of it *202 of his making. His decision to settle, however, does not furnish an automatic cloak of immunity to the widow for her prior actions.
We, therefore, hold that the motion to surcharge the widow should proceed to a full evidentiary hearing. For example, the widow, while serving in her fiduciary capacity, stands accused of making unauthorized preferential payments to a creditor to satisfy an indebtedness for which she was individually, jointly and severally liable. That is not an accusation which has, or could be, leveled against the successor representative. Accordingly, a different issue is involved. See Costa Bella Development Corp. v. Costa Development Corp., 445 So.2d 1090 (Fla. 3d DCA 1984).
We reject the theories advanced by the widow that she is protected by either section 733.601 or section 733.708, Florida Statutes (1985).
The claim for attorney’s fees under section 733.609, Florida Statutes (1985) filed by the out-of-state Central Bank, if indeed it has merit, is certainly premature at this time and therefore denied without prejudice.
REVERSED AND REMANDED.
DOWNEY and GUNTHER, JJ., concur.

. Case Nos. 4-86-1582 and 4-85-1703 were consolidated.