PER CURIAM.
Appellants seek review of the denial of their motion to dismiss for improper venue and inconvenient forum. Although the trial court erred in its reasoning that it could not look beyond the four corners of the complaint, we agree with the result that the motion was properly denied.
Humberto Munoz sued Barclays Bank PLC (Barclays Miami) and Marilyn Moll for breach of a fiduciary relationship between them, alleging that they failed to follow his investment instructions and disregarded his stated investment objectives. The defendants have alleged that their advice was to utilize an offshore revocable trust with its affiliate, Barclays Cayman. They have then used language in that trust governing venue to argue that plaintiffs case should be filed in the Cayman Islands. Thus, they have attempted to convert a suit against Barclays Miami into a suit against Barclays Cayman. Plaintiff has not complained against Barclays Cayman, but instead against Barclays Miami, which failed to follow his investment instructions and disregarded his stated investment objectives. Consequently, the forum selection clause in the Cayman Island trust documents are not at issue here and the trial court properly denied the motion to dismiss. See Contractor’s Management Systems of NH, Inc. v. Acree Air Conditioning, Inc., 799 So.2d 320, 321 *1253 (Fla. 2d DCA 2001) (holding that the forum selection clause in the license agreement did not apply because the claim did not arise from the agreement, nor did it exist solely for the benefit of the parties to the agreement).
Affirmed.