EMAS, J.
Steiner Transocean Limited (“Steiner”) appeals an order denying its motion to dismiss the second amended complaint. Steiner asserted in its motion that dismissal was required based on a mandatory forum selection clause in its employment contract with appellee, Milena Efremova (“Efremova”). We reverse because the trial court incorrectly concluded that it was limited to the four corners of the complaint in determining the merits of the motion to dismiss.
Efremova was injured while employed as a hairstylist aboard a Carnival cruise ship on December 8, 2008. She filed suit in Miami-Dade circuit court against Carnival Corporation, Steiner Transocean Ltd., Steiner Leisure Ltd., and Steiner Trans-ocean U.S. Inc. The complaint alleged Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, and a count for wages and penalties. Efremova alleged she was employed by all four defendants, but did not attach an employment contract to her complaint.[1]
On January 18, 2012, Steiner moved to dismiss the second amended complaint, contending that a mandatory forum selection clause in Efremova’s employment contract required her to file the action in federal court. In support of its motion to dismiss, Steiner attached a copy of Efremova’s employment contract. The contract, dated September 11, 2008, is between Efremova and “Steiner Trans-ocean,” and provides in pertinent part:
It is agreed by and between Company and Employee that all disputes and matters whatsoever arising under, in connection with or incident to this Agreement shall be litigated, if at all, in and before the United States District Court for the Southern District of Florida, Miami Division, which will have exclusive jurisdiction to hear all disputes herein, to the exclusion of all other courts of any other state, territory or country. Employee hereby waives any objection to jurisdiction or venue or any other objection that he/she may have to *873 any such action or proceeding being brought in the United States District Court for the Southern District of Florida, Miami Division. The Company and Employee agree that this agreement shall be governed by the laws of the United States.
At the non-evidentiary hearing on the motion to dismiss, Efremova argued that dismissal was not appropriate because the employment contract was not attached to her complaint, and the court was not permitted to look beyond the four corners of the complaint in deciding the merits of the motion to dismiss.
The trial court denied the motion to dismiss, doing so (at least in part) on its determination that it was precluded from looking beyond the four corners of the complaint to determine whether a valid contractual forum selection clause applied to this cause of action. In doing so, the trial court erred.
As a general rule, when considering a motion to dismiss, a trial court is limited to the allegations within the four corners of the complaint and any attachments.[2] However, there are several exceptions to this general rule. For example, a court is permitted to consider evidence outside the four corners of the complaint where the motion to dismiss challenges subject matter jurisdiction[3] or personal jurisdiction[4], or where the motion to dismiss is based upon forum non conveniens[5] or improper venue.[6] A motion to dismiss based on a contractual forum selection clause is similar, in many respects, to a motion to dismiss for improper venue. We can discern no reason for treating them differently for purposes of applying the exception to the “four corners” rule.[7] This is especially so because, in Florida, forum selection clauses are presumptively valid and it is the burden of the party seeking to avoid that contractual agreement to establish “that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.” Corsec, S.L. v. VMC Intern. Franchising, LLC, 909 So.2d 945, 947 (Fla. 3d DCA 2005) (quoting Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986)). Accordingly, we reverse the trial court’s order denying Steiner’s motion to dismiss, and remand for proceedings consistent with this opin *874 ion.[8]

. The second amended complaint is the operative complaint for purposes of this appeal.

. See e.g., Minor v. Brunetti, 43 So.3d 178 (Fla. 3d DCA 2010).

. See, e.g., Seminole Tribe of Fla. v. McCor, 903 So.2d 353 (Fla. 2d DCA 2005); Barnes v. Ostrander, 450 So.2d 1253 (Fla. 2d DCA 1984).

. See, e.g., Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).

. Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996); Fla. R. App. P. 1.061.

. See, e.g., Barclays Bank, PLC v. Munoz, 890 So.2d 1252 (Fla. 3d DCA 2005); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat’l Bank of Melbourne & Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970).

.In fact, federal courts treat a motion to dismiss based on a forum selection clause as a question of proper venue and, under Federal Rule of Civil Procedure 12(b)(3), the trial court may look beyond the allegations of the complaint to determine whether dismissal is proper. See, e.g., Estate of Myhra v. Royal Caribbean Cruises, Ltd., 695 F.3d 1233 (11th Cir.2012). The reason for this exception to the general rule is that otherwise, "the court would be unable to discern the actual basis, in fact, of a party's challenge to the bare allegation in the complaint that venue is proper to that court.” Horberg v. Kerzner Inter. Hotels Ltd., 744 F.Supp.2d 1284, 1288 (S.D.Fla.2007). See also Lobo v. Celebrity Cruises, Inc., 426 F.Supp.2d 1296 (S.D.Fla.2006).

. Efremova also argued below that the trial court should deny the motion to dismiss because the signatory to the employment contract was "Steiner Limited” (a non-party to the action) and not Steiner Transocean Limited. We do not reach this issue because that issue, like the determination regarding the forum selection clause, may well require an evidentiary hearing.