# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1234
Lower Tribunal No. 15-11677

————————

**Nikolay Mitev**,
Appellant,

vs.

**Cayman First Insurance Company, Ltd.**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Lipcon, Margulies & Winkleman, P.A., and Jason R. Margulies and Carol L. Finklehoffe, for appellant.

Montalvo Law, P.A., and Hector James Montalvo, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871, 873 (Fla. 3d DCA 2013) (recognizing that a trial court is permitted to consider evidence outside the four corners of the complaint where the motion to dismiss is based on a contractual forum selection clause); see also Weisser v. PNC Bank, N.A., 967 So. 2d 327, 330 (Fla. 3d DCA 2007) ("[I]n Florida, contracting parties are permitted to agree that any litigation stemming from their contract must be heard in a specific forum."); Celistics, LLC v. Gonzalez, 22 So. 3d 824, 825 (Fla. 3d DCA 2009) (determining that the subject forum selection clause was mandatory rather than permissive where it included words of exclusivity such as "shall," "must," or "exclusively"); Steiner, 109 So. 3d at 873 ("[F]orum selection clauses are presumptively valid and it is the burden of the party seeking to avoid that contractual agreement to establish 'that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'").