DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWARD SCHNEIDERMAN,** as Personal Representative of
**THE ESTATE OF LENORE TEPPER,** and **MONTANA QUELER,**
Appellants,

v.

**DANIELLE BAER, MERRITT BAER,** and **EAVLYN BAER,**
Appellees.

No. 4D20-2582

[February 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502014CP002456XXXXSB.

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Cedar Mountain, NC, for appellants.

Carlos M. Sires of Boies Schiller Flexner LLP, Fort Lauderdale, and James Fox Miller of Boies Schiller Flexner LLP, Hollywood, for appellees.

GROSS, J.

After 57 years of marriage, Lenore Tepper filed a dissolution of marriage action against her husband Irvin Tepper in 2009. This case is one of multiple lawsuits arising out of that divorce. Both Irvin and Lenore are now deceased. The gravamen of this action is that Irvin committed fraud in the divorce action by failing to disclose over $2 million in marital assets and securing the entry of a final judgment without filing a financial affidavit.

The dispute in this case is between two factions of the Teppers' descendants—the Schneiderman family, which was favored by Lenore, and the Baer family, which was favored by Irvin.

The Schneiderman family includes (1) appellant Edward Schneiderman, the husband of the Teppers' daughter Anise, and the personal representative of Lenore's estate, and (2) appellant Montana Queler, Anise's daughter and the Teppers' granddaughter.

The Baer family includes (1) appellee Eavlyn Baer, the Teppers' daughter, (2) appellee Danielle Baer, Eavlyn's daughter and the Teppers' granddaughter, and (3) appellee Merritt Baer, Eavlyn's son and the Teppers' grandson.

We reverse the final judgment on procedural grounds—the court granted a motion to dismiss but relied on facts outside the four corners of the complaint, such as a deposition and a pleading from another case. We affirm the trial court's ruling that Montana Queler was without standing to challenge her grandparents' 2009 divorce decree.

### The Dissolution of Marriage

In September 2009, Lenore and Irvin settled their dissolution of marriage action by way of a Marital Settlement Agreement ("MSA"), which they executed the week after attending a mediation.

The MSA settled all matters pertaining to the dissolution of marriage, including the division of marital assets. One provision of the MSA stated: "Attached hereto as **EXHIBIT A** is a schedule of all the assets and liabilities, including real property, which are being distributed." Exhibit A was a two-page spreadsheet labeled "AGREED PLAN OF EQUITABLE DISTRIBUTION," which identified about $13.2 million in marital assets and no marital liabilities.

Finally, the MSA provided that "[t]his Agreement constitutes the entire understanding of the parties," and that there were no representations "other than those expressly set forth herein."

Before the circuit court, Lenore testified that (1) she had enough time to go over the MSA with her lawyer, (2) she was satisfied with her lawyer's advice, (3) she agreed with all of the MSA's terms, (4) she was satisfied with the MSA's "division of all of your property," (5) she believed the MSA was a fair agreement, and (6) she agreed to be bound by the MSA.

The trial court entered a Final Judgment of Dissolution of Marriage, incorporating the MSA. The judgment stated that the MSA was "facially fair, and was voluntarily entered into by the parties after full disclosure and is in the best interests of the parties."

### Related Litigation and Testimony

*A. The Will Contest*

After Irvin died in 2010, Montana and Anise sued to contest Irvin's will.

During the will-contest case, Lenore was deposed and testified in October 2010 that she "would consider reopening [the divorce] case if this thing winds up in a flop." Lenore explained that "[i]f this thing isn't settled the way I think it should be settled, then I'll go back to the divorce case, **because I know that Mr. Tepper had much more money than they swore that he had**, and money has been found since then." (Emphasis supplied).

The will contest was settled by an agreement in which Montana and Anise received payments from Irvin's trust and agreed not to challenge the MSA between Irvin and Lenore.

B. *Lenore's Testimony in an Arbitration Proceeding*

In an arbitration proceeding that Lenore, Anise, and Montana brought against the brokerage company where Irvin kept his accounts, Lenore was questioned in 2013 about her deposition testimony in the will-contest case. There, Lenore testified that Irvin had not disclosed all of his assets during the divorce case.

C. *MSA Breach Case*

Lenore died in March 2014. The Baers later sued Lenore's estate and others for breach of the MSA. The circuit court entered summary final judgment in the Baers' favor, ruling that Lenore had breached the MSA "by placing $3.3 million of assets in P.O.D. accounts in an effort to bypass her responsibilities" under the MSA.

During the MSA breach case, the personal representative of Lenore's estate raised extrinsic fraud as an affirmative defense, seeking to set aside the dissolution judgment and rescind the MSA on the ground that Irvin had defrauded Lenore by failing to disclose the modification of a trust.

The circuit court dismissed the extrinsic fraud defense as untimely, finding that "the facts underlying the extrinsic fraud now being raised by the Personal Representative were known by Lenore Tepper and her counsel no later than December 2011." Emphasizing that Lenore "took no action during her lifetime to rescind the Final Judgment [of Dissolution] or raise any claim of extrinsic fraud," the court found that "the extrinsic fraud claim was not brought as soon as reasonably possible upon discovery of the basis for the claim." Under these circumstances, the court reiterated, Lenore's "failure to take any action to rescind the MSA during her

3

lifetime—she passed in March 2014—renders the extrinsic fraud claim untimely."

### The Petition in the Instant Case

Edward Schneiderman, as personal representative of Lenore's estate, along with Montana Queler, filed the instant "Petition for Declaratory Judgment and Action in Equity to Set Aside Final Judgment of Dissolution Based upon Fraud on the Court and Fraud in Connection with a Financial Affidavit," seeking relief pursuant to the court's equitable authority, Florida Rule of Civil Procedure 1.540(b), and Florida Family Law Rule of Procedure 12.540(b). Eavlyn, Danielle, and Merritt (hereinafter "the Baers") were named as defendants, but Irvin's estate was not.

The central allegation of the lengthy petition was this: "At bottom, Irvin Tepper committed fraud by deliberately omitting as much as $2.3 Million Dollars of marital assets from his financial disclosures to Lenore Tepper." According to the petition, Irvin orchestrated a "deceptively subtle scheme aimed at convincing the Divorce Court, and Lenore, that he had satisfied his mandatory, non-waivable disclosure obligations under Florida law by providing Lenore with 'full disclosure' of his assets and liabilities," when in reality "he secretly manipulated and changed the previously agreed upon terms of the [MSA] so that he was now providing Lenore Tepper with no disclosure, and then . . . proffered that agreement to Lenore as though it said exactly what the parties had agreed."

As part of the fraudulent scheme, the petition alleged, Irvin engineered the settlement in a way that avoided his obligation to file a sworn financial affidavit in the divorce case. According to the petition, Irvin's scheme allowed him "to avoid any claim that he committed fraud in connection with his financial affidavit, by avoiding making any representations to the Court about his disclosure and avoiding the submission of any financial disclosures to the Court."

The petition alleged that "Lenore died without discovering the fraud."

### The Motion to Dismiss

In July 2020, the Baers moved to dismiss the petition, arguing, among other things, that the petition was untimely.

The motion to dismiss relied upon documents in the related litigation, including (1) Lenore's deposition testimony in the Will Contest, (2) the

order striking the extrinsic fraud defense in the MSA Breach Case, and (3) the Settlement Agreement that resolved the Will Contest.

Appellants responded to the motion to dismiss by arguing, in relevant part, that the motion to dismiss relied on matters outside the four corners of the petition and that the Baers had not complied with the procedure for judicial notice.

### *The Order Granting the Motion to Dismiss*

The trial court granted the Baers' motion to dismiss appellants' petition with prejudice. In the order, the court took judicial notice of the related litigation, including the dissolution action, the Will Contest, the MSA Breach Case, and a 2018 civil case in which Montana Queler and Lenore's estate are parties.

The court granted the motion to dismiss on three grounds. First, the court ruled that Montana Queler lacked standing to challenge the MSA because she "was not a party to the Tepper dissolution of marriage case or a party to the marital settlement agreement." Second, the court ruled that "the Estate of Lenore Tepper and Montana Queler are estopped from bringing this claim as they agreed not to challenge the Marital Settlement Agreement . . . in exchange for a settlement of 2.6 million dollars."[1] Third, the court ruled that any claim of fraud pertaining to the MSA was untimely because "Lenore Tepper was aware of the alleged fraud as far back as her deposition testimony taken on October 25, 2010, which was cited by Queler as a basis to amend her complaint in the 2018 civil case." The court later entered a final judgment.

### *The Circuit Court Erred in Considering Information Outside of the Four Corners of the Petition—Judicially Noticed Records from Prior Proceedings—in Ruling on the Motion to Dismiss.*

When ruling on a motion to dismiss, "[a] court may not go beyond the four corners of the complaint and exhibits attached thereto." *Kohl v. Blue Cross & Blue Shield of Fla., Inc.*, 988 So. 2d 654, 658 (Fla. 4th DCA 2008). "In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader." *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004). However, while affirmative defenses such as untimeliness are

---

[1] However, contrary to the trial court's ruling, Lenore was not a party to the Will Contest.

generally raised in an answer, dismissal is proper where the facts that support the defense affirmatively appear on the face of the complaint and establish conclusively that the action is barred as a matter of law. *Garofalo v. Proskauer Rose LLP*, 253 So. 3d 2, 5 (Fla. 4th DCA 2018); *City of Riviera Beach v. Reed*, 987 So. 2d 168, 170 (Fla. 4th DCA 2008).

Unless the parties have stipulated to judicial notice, a court cannot rely on judicial notice to sidestep the four corners rule. *See Bayview Loan Servicing, LLC v. Brown*, 329 So. 3d 210, 212 (Fla. 2d DCA 2021) ("For a trial court to take judicial notice, it must necessarily consider information outside of the four corners of the complaint. And this court has consistently held that the trial court may not consider information outside the four corners of the complaint when ruling on a motion to dismiss."); *Norwich v. Glob. Fin. Assocs., LLC*, 882 So. 2d 535, 537 (Fla. 4th DCA 2004) ("While the defenses of res judicata and collateral estoppel may be resolved through a motion for summary judgment, the trial court erred when it ventured outside the four corners of the complaint, took judicial notice of the final judgment of dissolution of marriage, and dismissed the complaint with prejudice.").

Here, the trial court erred by considering information outside the four corners of the petition in ruling on the motion to dismiss. Deciding a case based on "undisputed facts" is the role of summary judgment, not a motion to dismiss. And the timeliness defense asserted in the motion to dismiss cannot be determined as a matter of law from the four corners of the petition.

We distinguish this case from *Metropolitan Casualty Insurance Co. v. Tepper*, 969 So. 2d 403, 405 (Fla. 5th DCA 2007). There, the Fifth District recognized an exception to the four corners rule "where the facts are undisputed and the motion to dismiss raises only a pure question of law."[2]

---

[2] We question whether *Tepper* rests on a sound legal basis. *Tepper* cited *Ground Improvement Techniques, Inc. v. Merchants Bonding Co.*, 707 So. 2d 1138, 1138 (Fla. 5th DCA 1998), for the proposition that an exception to the four corners rule occurs "where the facts are undisputed and the motion to dismiss raises only a pure question of law." 969 So. 2d at 405. In *Ground Improvement*, the Fifth District affirmed a dismissal for forum non conveniens "based upon the pleadings and undisputed facts." 707 So. 2d at 1138. However, a court is permitted to consider evidence outside the four corners of the complaint where the motion to dismiss is based upon forum non conveniens. *Steiner Transocean Ltd. v. Efremova*, 109 So. 3d 871, 873 (Fla. 3d DCA 2013). In any event, in *Ground Improvement*, the motion to dismiss did not attach any affidavits, so the Fifth District emphasized that the amended complaint on its face was sufficient to show that a forum non conveniens transfer was warranted. 707 So. 2d at 1139–

6

*Id.*  However, *Tepper* was a case where (1) the appellant had waived the four corners violation by failing to raise it in the trial court and (2) the appellant did not dispute the facts that were relevant to the motion to dismiss.  *Id.* at 405; *see also Gabriji, LLC v. Hollywood E., LLC*, 304 So. 3d 346, 349 (Fla. 4th DCA 2020) (finding *Tepper* distinguishable because "the parties do dispute the facts").

We also reject the notion that the doctrine of incorporation by reference permitted the trial court to consider all the records from other proceedings.  *See, e.g., One Call Prop. Servs. Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 752 (Fla. 4th DCA 2015) (holding that "where the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss").  The doctrine cannot be stretched to allow for the mention of a prior proceeding in a complaint to open the door to the trial court considering the entirety of the prior proceeding in ruling on a motion to dismiss, where the petitioners' standing to bring suit was not dependent upon the records from the prior proceeding.  *See Landmark Funding, Inc. on Behalf of Naples Syndications, LLC v. Chaluts*, 213 So. 3d 1078, 1080 (Fla. 2d DCA 2017).  As explained below, however, we conclude from the four corners of the petition that Montana Queler lacked standing to set aside her grandparents' dissolution decree.

### Montana Queler Did Not Have Standing to Set Aside Her Grandparents' 2009 Dissolution Decree

As a non-party to the dissolution action who was not an intended third party beneficiary of the MSA, Montana Queler is without authority to set aside or modify the final judgment of dissolution.  *See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994).  The Florida Supreme Court has recognized a limited circumstance where the prospective lineal descendants of a deceased ancestor are entitled to challenge a dissolution "judgment or decree which is attempted to be enforced against them adverse to such rights or interests."  *In re Kant's Est.*, 272 So. 2d 153, 156 (Fla. 1972).  However, *Kant's Estate* involved the setting aside of a void divorce decree—there, a Mexican divorce between the deceased father's putative spouse and her prior husband—in a situation where the divorce itself prejudiced the inheritance rights of the children.  The challenge in this case does not claim that the entirety of the 2009 divorce judgment was void.  Indeed, although the instant petition requested that the court set aside the MSA, the petition

---

40.  Thus, *Ground Improvement* does not stand for the proposition that there is a broad "undisputed facts" exception to the four corners rule.

also sought to "maintain[ ] the legal divorce of Irvin and Lenore Tepper." Thus, we conclude that Queler lacks standing to assert the fraud claims in the petition.

### *Conclusion*

We reverse the dismissal of the petition as to the personal representative of Lenore's estate, but affirm the dismissal as to Queler.

On remand, appellees may seek to challenge the timeliness of the personal representative's lawsuit on summary judgment or at trial based on common law cases or statutes. *See Columbus Hotel Corp. v. Hotel Mgmt. Co.*, 156 So. 893, 898 (Fla. 1934); *Gladding Corp. v. Register*, 293 So. 2d 729, 732 (Fla. 3d DCA 1974); *Rood Co. v. Bd. of Pub. Instruction of Dade Cnty.*, 102 So. 2d 139, 141–42 (Fla. 1958); *see also* §§ 95.031(2)(a), 95.11(3)(j), Fla. Stat. (2020).[3]

*Reversed in part, affirmed in part, and remanded.*

WARNER and ARTAU, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[3] We note that Florida Family Law Rule of Procedure 12.540(b) has no application in this case because Irvin never filed the financial affidavit required by Rule 12.285. Appellants' theory of fraud is that, instead of a financial affidavit, Irvin submitted a "distribution" spreadsheet that was incorporated into the MSA, which allowed him to evade the financial affidavit requirement and understate the parties' marital assets. In addition, we read the "no time limit" language of Rule 12.540(b) as applying to a motion for relief from judgment filed in the original dissolution action, not to an independent action attacking a portion of the judgment. Any other result would run afoul of the Legislature's power to establish statutes of limitation. *See Williams v. Law*, 368 So. 2d 1285, 1287–88 (Fla. 1979) (recognizing legislature's authority to "establish" statutes of limitation).