# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-579
Lower Tribunal No. 19-37303
_____

**Total Quality Logistics, LLC,**
Appellant,

vs.

**Trade Link Capital, Inc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Baker Donelson Bearman Caldwell & Berkowitz, PC, and Eve A. Cann (Fort Lauderdale) and Marisa R. Dorough (Orlando), for appellant.

Spector Rubin, P.A., and Andrew R. Spector and Marc A. Rubin, for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

## INTRODUCTION

Total Quality Logistics, LLC, defendant below, appeals a nonfinal order denying its motion to dismiss the amended complaint filed by Trade Link Capital, Inc. and Taste Trackers, Inc., plaintiffs below. Total Quality Logistics sought dismissal based on improper venue, contending that a mandatory forum selection clause in the written agreements between the parties required that Clermont County, Ohio serve as the exclusive venue for any dispute arising in connection with any transaction between the parties.

Because the forum selection clause was presumptively valid and enforceable, and because Plaintiffs failed to meet their burden below—to show that this presumptively valid and enforceable forum selection clause was unjust, unreasonable, or otherwise unenforceable—we reverse and remand with directions to dismiss the amended complaint against Total Quality Logistics.

## FACTUAL BACKGROUND

Trade Link Capital and Taste Trackers (together, Plaintiffs) entered into a business relationship with Total Quality Logistics, whereby Total Quality Logistics would arrange transportation of cargo for Plaintiffs. At the inception of the relationship, Trade Link Capital and Taste Trackers each signed a written agreement with Total Quality Logistics. Each agreement

contained an identical forum selection clause providing that Clermont County, Ohio "shall be the exclusive venue with respect to any claim, counterclaim or dispute arising in connection with any transactions, loads, or other business between Total Quality Logistics and applicant." In August 2019, one such cargo shipment was lost and/or stolen in transit to its destination.

Plaintiffs contend that, before requesting transport of the subject cargo, they procured insurance from Total Quality Logistics to protect themselves in the event the cargo was lost or stolen. When Total Quality Logistics refused to pay Plaintiffs for the lost cargo shipment, Plaintiffs sued Total Quality Logistics in an eight-count complaint alleging various state law claims (e.g., breach of agreement to insure, fraudulent misrepresentation) and also seeking damages under the federal Carmack Amendment.[1]

---

[1] The Revised Interstate Commerce Act, 49 U.S.C. § 14706 et seq., known as the "Carmack Amendment," is a federal statutory scheme that governs interstate cargo claims. For our purposes, the Carmack Amendment provides special venue provisions for filing a civil action against a carrier alleged to have caused the loss of or damage to cargo of a shipper. See id. § 14706(d). Such an action may be brought "in the judicial district in which such loss or damage is alleged to have occurred," see id. § 14706(d)(2). Importantly here, the applicability of the Carmack Amendment turns on whether Total Quality Logistics is a carrier or merely a broker. If the Carmack Amendment applies, its special venue provision preempts the contractual forum selection clause in this case, at least as to the single Carmack claim pleaded by Plaintiffs in the operative complaint. Compare Mgmt. Computer Controls, Inc. v. Charles Perry Const., Inc., 743 So. 2d 627, 633 (Fla. 1st

Total Quality Logistics moved to dismiss the complaint, relying on the mandatory forum selection clause contained in the parties' written agreements. Total Quality Logistics also contended that Plaintiffs could not state a valid claim under the federal Carmack Amendment because Total Quality Logistics is a broker, not a carrier, and the Carmack Amendment imposes liability only upon carriers. See Nat'l Union Fire Ins. Co. of Pittsburgh v. All Am. Freight, Inc., No. 14-CIV-62262, 2016 WL 633710, at *7 (S.D. Fla. Feb. 17, 2016) ("In general, the Carmack Amendment governs interstate cargo claims, controls and limits the liability of common carriers for in-transit cargo, and preempts common or state law remedies that increase a common carrier's liability beyond the actual loss or injury to the property.") In further support of its motion to dismiss, Total Quality Logistics filed an affidavit from its risk manager, setting forth the business relationship between the parties and attaching and authenticating the parties' signed, written agreements which included the mandatory forum selection clause

DCA 1999) (citing First Pacific Corp. v. Sociedade de Empreendimentos e Construcoes, Ltd., 566 So. 2d 3 (Fla. 3d DCA 1990)) (holding that a forum selection clause was inapplicable to FDUPTA claim—i.e., it was severable from the other claims—requiring it to be litigated separately) with Fairbanks Contracting & Remodeling, Inc. v. Hopcroft, 169 So. 3d 282, 283 (Fla. 4th DCA 2015) ("Whether a forum selection provision in a contract applies to an FDUTPA claim depends on the circumstances, including the language employed in the clause.")

4

providing that Clermont County, Ohio "shall be the exclusive venue with respect to any. . . dispute arising in connection with any transactions, loads, or other business" between Plaintiffs and Total Quality Logistics.

Plaintiffs filed a memorandum in response to Total Quality Logistics' motion to dismiss, but provided no sworn proof or evidence to support its position.[2]  Plaintiffs contended that the forum selection clause (1) was unenforceable under the Carmack Amendment because that federal law contains its own special venue provision, see 49 U.S.C. § 14706(d); and (2) was invalid as contrary to public policy because Total Quality Logistics' alleged conduct amounted to the unlicensed sale of insurance in violation of state law.

The trial court held a hearing on the motion to dismiss, at which no live testimony was presented and no depositions were offered or introduced.  At the conclusion of the hearing, the trial court announced its ruling denying the

---

[2] Plaintiffs' response noted "the protracted discovery" in this case, quoted from communications between the parties, and cited to several deposition transcripts purportedly showing conflicting statements made by Total Quality Logistics officials. However, no such communications or deposition transcripts were submitted by Plaintiffs in opposition to the motion to dismiss. Nor was the trial court requested to take judicial notice of such deposition excerpts at the hearing on the motion to dismiss. During oral argument, counsel for Plaintiffs acknowledged that, if the depositions were not in the record or considered by the trial court at the time of the hearing, this court could not affirm the lower court's ruling.

motion to dismiss, and later entered an order denying the motion "for the reasons set forth in the record." A review of the transcript, however, shows the trial court provided no reasons for its ruling, and made no findings regarding (1) whether Total Quality Logistics was a motor carrier or broker (central to the applicability of the federal Carmack Amendment claim); (2) whether (and why) the forum selection clause was unenforceable as to the state law claims; or (3) whether application of the forum selection clause violated public policy. This appeal follows.[3]

## ANALYSIS AND DISCUSSION

The forum selection clause contained in the written agreement between Total Quality Logistics and Plaintiffs provides:

> The state courts located in Clermont County, Ohio shall have exclusive and irrevocable jurisdiction and shall be the exclusive venue with respect to any claim, counterclaim, or dispute arising in connection with any transactions, loads, or other business between Total Quality Logistics and [Plaintiff].

Plaintiffs do not dispute that they each signed an agreement containing this provision. On its face, this is a valid, enforceable, and mandatory forum selection provision.[4] Moreover, "[b]ecause Florida law presumes that forum

---

[3] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(A) (providing for appellate review of nonfinal orders that concern venue).

[4] As the Florida Supreme Court recognized in Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So. 2d 273 (Fla.1987), mandatory forum selection clauses provide "for a mandatory and exclusive place for

6

selection clauses are valid and enforceable, the party seeking to avoid enforcement of such a clause must establish that enforcement would be unjust or unreasonable." <u>Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc.</u>, 105 So. 3d 592, 594-95 (Fla. 3d DCA 2013) (quotation omitted). <u>See also</u> <u>Steiner Transocean Ltd. v. Efremova</u>, 109 So. 3d 871, 873 (Fla. 3d DCA 2013) ("[I]n Florida, forum selection clauses are presumptively valid and it is the burden of the party seeking to avoid that contractual agreement to establish 'that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court'") (quoting <u>Corsec, S.L. v. VMC Intern. Franchising, LLC</u>, 909 So. 2d 945, 947 (Fla. 3d DCA 2005)) (additional citations omitted); <u>Norwegian Cruise Line, Ltd. v. Clark</u>, 841 So. 2d 547, 549-50 (Fla. 2d DCA 2003) ("The United States Supreme Court has held that forum selection clauses are prima facie valid even though they have not been historically favored 'given controlling weight in all but the most

---

future litigation," whereas permissive forum selection clauses "constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." <u>Id.</u> at 274-75. <u>See also</u> <u>Michaluk v. Credorax (USA), Inc.</u>, 164 So. 3d 719, 722 (Fla. 3d DCA 2015) ("A forum selection clause will be deemed mandatory where, by its terms, suit may be filed only in the forum named in the clause, whereas 'permissive forum selection clauses are essentially a 'consent' to jurisdiction or venue in the named forum and do not exclude jurisdiction or venue in another forum.'") (additional citations omitted).

7

exceptional cases.'") (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)) (Kennedy, J., concurring)).

To establish the "unjust or unreasonable" nature of a forum selection clause, the party seeking avoidance must show that enforcement of the clause would result in "no forum at all." Espresso Disposition, 105 So. 3d at 595; Est. of Stern v. Oppenheimer Tr. Co., 134 So. 3d 566, 568 (Fla. 3d DCA 2014) ("A party seeking to avoid enforcement of a mandatory forum selection clause bears a heavy burden of establishing that the enforcement is unjust or unreasonable and must demonstrate that the contractually designated forum essentially amounts to 'no forum at all,' thereby depriving the party of its day in court.")

Once Total Quality Logistics submitted the affidavit and the written agreements containing the presumptively valid and enforceable forum selection clause agreed to by the parties, the burden shifted to Plaintiffs to show that the forum selection clause was "unjust or unreasonable"—in essence, that Clermont, Ohio amounts to "no forum at all." Further, and as to the claim filed pursuant to the Carmack Amendment, Plaintiffs would have had to provide evidence to establish (or at least create a disputed issue of fact whether) the Carmack Amendment (49 U.S.C. §14706) is applicable to the cargo shipment at issue and renders the contractual forum selection

8

clause unenforceable. However, Plaintiffs failed to meet its burden[5] to overcome the presumptively valid and enforceable mandatory forum selection clause.[6]

Moreover, at the conclusion of the hearing, the trial court did not make any findings on the record regarding the unjust or unreasonable nature of the agreement's forum selection clause, nor any findings whether (or why) the Carmack Amendment (and its special venue provision) would apply to the instant lawsuit. Notwithstanding the absence of any such oral findings, the subsequent written order provided only that the motion to dismiss was denied "for the reasons set forth in the record."[7]

---

[5] There are exceptions to the general rule that a trial court considering a motion to dismiss is limited to the "four corners" of the complaint and any attachments. One of those exceptions permits a court to consider evidence outside the four corners of the complaint where the motion to dismiss is based upon improper venue. See Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871 (Fla. 3d DCA 2013).

[6] On appeal, Plaintiffs attempt to rely on the content of unfiled depositions to argue that Total Quality Logistics acted as more than a mere broker. But again, such evidence was not filed with the court, nor was judicial notice sought or taken. As explained above, the only evidence submitted was Total Quality Logistics' affidavit and the parties' written agreements, which expressly provide that Total Quality Logistics "is a transportation broker only who arranges the transportation of freight by an independent third party motor carrier."

[7] During oral argument, Plaintiffs conceded that the trial court did not "explicitly" find the forum selection clause was unreasonable or make any findings pertaining to applicability of the Carmack Amendment.

**CONCLUSION**

Because Plaintiffs failed to meet their burden to establishing that the presumptively valid and enforceable mandatory forum selection clause was unjust, unreasonable, or otherwise unenforceable in the instant lawsuit, the trial court erred in denying Total Quality Logistics' motion to dismiss for improper venue. We reverse and remand with directions to dismiss the amended complaint against Total Quality Logistics and for further proceedings consistent with this opinion.